**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| MADISON ASSET LLC, | Case No. 18-12814 (MEW) |
|     Debtor in a Foreign Proceeding | |
| MARTIN NICHOLAS JOHN TROTT and CHRISTOPHER JAMES SMITH, on behalf of and solely in their capacity as the Foreign Representatives and Joint Official Liquidators of MADISON ASSET LLC (IN LIQUIDATION), | Adv. Proc. No. 20-01237 (MEW) |
|                  Plaintiffs, | |
|         v. | |
|  DEUTSCHE BANK AG, | |
|               Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>MOTION TO WITHDRAW THE REFERENCE</u>

CAHILL GORDON & REINDEL LLP
David G. Januszewski
Joel H. Levitin
Samuel G. Mann
Sesi V. Garimella
Bonnie E. Trunley
32 Old Slip
New York, New York 10005
212-701-3000

*Attorneys for Defendant Deutsche Bank AG*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ..................................................................................................................... 5

   I.     REFERENCE OF THE ADVERSARY PROCEEDING IS SUBJECT TO
MANDATORY WITHDRAWAL ................................................................................ 6

   II.    REFERENCE OF THE ADVERSARY PROCEEDING SHOULD BE WITHDRAWN
FOR CAUSE ........................................................................................................... 12

      *A.*   *The Fraudulent Trading Claim is Non-Core* ................................................. 12

      *B.*   *Judicial Efficiency* ........................................................................................ 13

      *C.*   *Delay and Costs to the Parties* ..................................................................... 16

      *D.*   *Uniformity of Bankruptcy Administration* ................................................... 17

      *E.*   *Forum Shopping and Other Related Factors* ............................................... 18

CONCLUSION ................................................................................................................. 19

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*American Biomaterials Corp.* v. *University of Florida*,
   1989 WL 144931 (D.N.J. Nov. 20, 1989) ..............................................................14

*In re Ames Department Stores Inc.*,
   512 B.R. 736 (S.D.N.Y. 2014)...............................................................................10

*Bonny Gas Transport. Ltd.* v. *O.W. Bunker Germany GmbH*,
   2016 WL 5369615 (S.D.N.Y. Apr. 27, 2016).........................................................11

*In re Cablevision S.A.*,
   315 B.R. 818 (S.D.N.Y. 2004).............................................................................7, 11

*In re CIL Limited*,
   582 B.R. 46 (Bankr. S.D.N.Y. 2018 .........................................................................9

*In re Coudert Brothers*,
   2011 WL 7678683 (S.D.N.Y. Nov. 23, 2011)........................................................18

*Deutsche Bank Trust Company Americas v. Rado Limited Partnership*,
   2019 WL 1863272 (S.D.N.Y. Apr. 25, 2019).......................................................18n

*Deutsche Bank Trust Company Americas* v. *Rado Limited Partnership*,
   819 F. App'x 66 (2d Cir. 2020) (Summary Order)................................................18n

*Development Specialists, Inc.* v. *Akin Gump Strauss Hauer & Feld LLP*,
   462 B.R. 457 (S.D.N.Y. 2011)...............................................................12n, 14, 15

*DeWitt Rehabilitation & Nursing Center, Inc.* v. *Columbia Casualty Co.*,
   464 B.R. 587 (S.D.N.Y. 2012)...............................................................................17

*Diorinou* v. *Mezitis*,
   237 F.3d 133 (2d Cir. 2001).....................................................................................7

*Dynegy Danskammer, L.L.C.* v. *Peabody COALTRADE International Ltd.*,
   905 F. Supp. 2d 526 (S.D.N.Y. 2012)...............................................................13, 17

*In re EMS Financial Services, LLC*,
   491 B.R. 196 (E.D.N.Y. 2013) .............................................................................12n

*In re Enron Corp.*,
   2004 WL 2711101 (S.D.N.Y. Nov. 23, 2004)..........................................................6

*In re Enron Corp.*,
    388 B.R. 131 (S.D.N.Y. 2008)................................................................................6

*In re Extended Stay, Inc.*,
    466 B.R. 188 (S.D.N.Y. 2011)...........................................................................6, 8

*In re Fairfield Sentry Ltd.*,
    458 B.R. 665 (S.D.N.Y. 2011)..............................................................................13

*Guevoura Fund Ltd.* v. *Sillerman*,
    2018 WL 6713124 (S.D.N.Y. Dec. 3, 2018) ......................................................5-6

*In re ICP Strategic Credit Income Fund Ltd.*,
    2015 WL 5404880 (Bankr. S.D.N.Y. Sept. 15, 2015)......................................9, 9n

*In re ICP Strategic Credit Income Fund Ltd.*,
    568 B.R. 596 (S.D.N.Y. 2017)..............................................................................9n

*In re ICP Strategic Income Fund, Ltd.*,
    730 F. App'x 78 (2d Cir. 2018) ............................................................................9n

*In re Ionosphere Clubs, Inc.*,
    1990 WL 5203 (S.D.N.Y. Jan. 24, 1990) ............................................................11

*In re Ionosphere Clubs, Inc.*,
    922 F.2d 984 (2d Cir. 1990)..................................................................................6

*In re Jacoby & Meyers-Bankruptcy LLP*,
    2017 WL 4838388 (S.D.N.Y. Oct. 25, 2017) ......................................................15

*Lehman Brothers Holdings Inc.* v. *Standard Pacific Mortgage, Inc.*,
    2019 WL 7593628 (S.D.N.Y. Aug. 23, 2019) ......................................................18

*Light Energy Installers, LLC* v. *Kyocera International, Inc.*,
    2018 WL 4298635 (N.D.N.Y. Sept. 10, 2018) ....................................................16

*LightSquared Inc.* v. *Deere & Co.*,
    2014 WL 345270 (S.D.N.Y. Jan. 31, 2014) ........................................................11

*M. Fabrikant & Sons, Inc.* v. *Long's Jewelers Ltd.*,
    2008 WL 2596322 (S.D.N.Y. June 26, 2008) ......................................................13

*In re Maxwell Communications Corp.*,
    93 F.3d 1036 (2d Cir. 1996)..................................................................................10

*In re MF Global, Inc.*,
    2012 WL 4757866 (S.D.N.Y. Oct. 4, 2012) ....................................................9-10

*In re Money Centers of America, Inc.*,
   579 B.R. 710 (S.D.N.Y. 2016)................................................................. 14-15

*New York Skyline, Inc.* v. *Empire State Building Co. L.L.C.*,
   542 B.R. 321 (S.D.N.Y. 2015).................................................................14

*Nukote International, Inc.* v. *Office Depot, Inc.*,
   2009 WL 3840482 (M.D. Tenn. Nov. 16, 2009) ....................................14

*In re Orion Pictures Corp.*,
   4 F.3d 1095 (2d Cir. 1993)............................................................. *passim*

*Picard* v. *Flinn Investments, LLC*,
   463 B.R. 280 (S.D.N.Y. 2011)...................................................................6

*Picard* v. *JPMorgan Chase & Co*,
   454 B.R. 307 (S.D.N.Y. 2011).................................................................10

*Picard* v. *Saren-Lawrence*,
   2018 WL 2383141 (S.D.N.Y. May 15, 2018) ........................................15

*In re Residential Capital, LLC*,
   519 B.R. 593 (S.D.N.Y. 2014).................................................................12

*In re Residential Capital, LLC*,
   527 B.R. 865 (S.D.N.Y. 2014).................................................................14

*In re Robert Plan Corp.*,
   777 F.3d 594 (2d Cir. 2015)....................................................................12

*Scott* v. *AIG Property Casualty Co.*,
   2017 WL 1380607 (S.D.N.Y. Apr. 17, 2017)...................................... 16-17

*Securities Investor Protection Corp.* v. *Bernard L. Madoff Investment Securities LLC*,
   2013 WL 4077586 (S.D.N.Y. Aug. 2, 2013) ...........................................7

*Stern* v. *Marshall*,
   564 U.S. 462 (2011).............................................................................12n

*In re Texaco Inc.*,
   84 B.R. 911 (S.D.N.Y. 1988)....................................................................8

*In re The VWE Group, Inc.*,
   359 B.R. 441 (S.D.N.Y. 2007)............................................................ 13-14

*In re Westinghouse Electric Co.*,
   2019 WL 1349500 (S.D.N.Y. Mar. 25, 2019) ........................................16

*Winn* v. *Schafer*,
   499 F. Supp. 2d 390 (S.D.N.Y. 2007).........................................................................8

**Rules**

Fed. R. Bankr. P. 5011 .........................................................................................................1

Fed. R. Civ. P. 9(b) ...........................................................................................................9n

S.D.N.Y.Local Bank. R. 5011-1 ..........................................................................................1

**Statutes**

28 U.S.C.
   § 157(a) ............................................................................................................................5
   § 157(d) ................................................................................................................. *passim*

Cayman Islands Companies Law (2020 Revision) § 147 ....................................... *passim*

**Treatises**

1 L. King, *Collier on Bankruptcy* (15th ed. 1989).........................................................11

**Other Authorities**

Amended Standing Order of Reference M–431, dated January 31, 2012 (Preska,
   C.J.).................................................................................................................................5

Deutsche Bank AG ("Deutsche Bank"), by its undersigned attorneys, respectfully submits this Memorandum of Law in Support of its Motion to Withdraw the Reference of this Adversary Proceeding pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Rule 5011-1 of the Local Bankruptcy Rules for the Southern District of New York.

## PRELIMINARY STATEMENT

Deutsche Bank respectfully submits that the District Court is required to withdraw the reference under the mandatory provisions of 28 U.S.C. § 157(d).  This Adversary Proceeding asserts only a single claim, under an untested foreign statute, that raises significant and novel issues of international comity, among other things.  The Plaintiffs, Joint Official Liquidators appointed in proceedings pending in the Cayman Islands to wind up Madison Asset LLC ("Madison"), bring their claim solely under Section 147 of the Cayman Islands Companies Law. This statute has never been substantively applied by any Cayman Islands court, meaning that resolution of the claim here will, at minimum, require substantial and material consideration of non-bankruptcy, foreign law (and, more likely, several layers of foreign law including persuasive but non-binding authority drawn from United Kingdom law).  Accordingly, ruling on dispositive motions in this matter will require the Court to determine, as a matter of first impression, how that statute ought to be applied, as well as the availability and interpretation of common law defenses, in the absence of any guidance from Cayman Islands courts.  The claim thus implicates international comity issues that must be addressed, if at all, by an Article III judge.  Therefore, withdrawal of the reference here is mandatory under 28 U.S.C. § 157(d).

Even if withdrawal of the reference were not mandatory, all of the factors governing whether the District Court should exercise its discretion to withdraw the reference, for cause, favor withdrawal.  Under the standard set forth in *In re Orion Pictures Corp.*, 4 F.3d 1095 (2d

Cir. 1993), the first issue is whether the claim is core or non-core (*i.e.*, whether it can be finally adjudicated in Bankruptcy Court), and then the analysis focuses on the efficient use of judicial resources and costs to the parties, among other things.

The single claim asserted in the Adversary Proceeding is a "non-core" claim in that it does not implicate any issues under the Bankruptcy Code.  Withdrawing the reference at the outset of the case will avoid substantial duplication of effort.  With respect to dispositive motions, any decisions would have to be reviewed *de novo* by the District Court even if heard and previously decided by the Bankruptcy Court.  Moreover, because the Plaintiffs have made a jury demand, and bankruptcy judges are not permitted to conduct jury trials without the consent of all parties, if a trial were necessary, it would have to be conducted by the District Court.  This is a nascent matter involving only a claim under unsettled foreign law, without any connection to any broader bankruptcy or related proceedings that have already taken place in the Bankruptcy Court (of which there are none).  It would be much more efficient, timely, and cost-effective to proceed in the District Court, and the reference should therefore be withdrawn.

## **FACTUAL BACKGROUND**[1]

Plaintiffs Martin Nicholas John Trott and Christopher James Smith (the "Liquidators") are the Foreign Representatives and Joint Official Liquidators for Madison.  Compl. ¶¶ 2, 4. Madison is a limited liability company formed on or about January 2, 2014, under the Cayman Islands Companies Law as an investment company.  Compl. ¶ 2.  The Complaint describes a multinational Ponzi scheme orchestrated by the BCI Principals, a number of non-parties, through

---

[1] This Factual Background references the facts that are alleged in the Complaint, which are assumed to be true for purposes of the Motion only.  Deutsche Bank reserves its rights to contest any such asserted facts in all other contexts.

a series of entities purportedly involved in the real estate development business.[2]  Compl. ¶¶ 11-28.  The BCI Principals allegedly set up a series of special purpose vehicles in the Cayman Islands and the British Virgin Islands in order to execute their scheme (Compl. ¶¶ 19-20) and "engaged in a practice of concealment and deception" to prevent disclosure of the conflicts of interest inherent in the common beneficial ownership of the various entities involved.  Compl. ¶ 24.  As their investments encountered financial difficulties, the BCI Principals used later-in-time investments to repay earlier investors, rendering it a classic Ponzi scheme.  Compl. ¶¶ 25-27.  By January 2014, the Securities and Exchange Commission had begun investigating the Biscayne Entities. Compl. ¶ 29.  The SEC issued a cease-and-desist order against certain of the Biscayne Group of Companies and the BCI Principals on May 26, 2016.  Compl. ¶ 43.

Madison was formed to "serve as a clearinghouse for cash and securities" outside the reach of federal regulators in order to continue implementing the scheme.  Compl. ¶ 29.  In March 2014, non-party Gustavo Trujillo opened a custodial account for Madison at Deutsche Bank's New York branch.  Compl. ¶ 31.  Madison and Deutsche Bank entered into a Multi-Market Custody Agreement that governed their relationship.  Compl. ¶ 31.  Trujillo allegedly executed a series of transactions and made payments as part of the scheme through the Madison accounts at Deutsche Bank.  Compl. ¶¶ 40-42.  Deutsche Bank made a series of information requests to the Madison-managed entities in 2016 and 2017 that went unanswered or to which the entities provided incomplete responses.  Compl. ¶ 45, 49.  Following these failures to provide requested information, in June 2017, Deutsche Bank notified Madison that it was closing the

---

[2]      Unless otherwise noted, capitalized terms shall have the meaning ascribed to them in the Complaint.

Madison accounts and terminating the Custody Agreement, effective August 31, 2017.  Compl. ¶ 50.

In March 2018, after the Madison accounts at Deutsche Bank were closed, a petition was presented to the Grand Court of the Cayman Islands (the "Grand Court") requesting that Madison be wound up under the terms of the Cayman Islands Companies Law.  Compl. ¶ 3.  The Grand Court granted the petition on July 4, 2018, ordering that Madison be wound up and appointing the Liquidators.  Compl. ¶ 4.  As part of Madison's liquidation, the Liquidators received permission from the Grand Court to seek to obtain recognition of the Cayman Islands liquidation proceedings in the United States.  Compl. ¶¶ 5-6.

On September 18, 2018, the Liquidators filed a Chapter 15 Petition for Recognition of a Foreign Proceeding in the United States Bankruptcy Court for the Southern District of New York.  Case No. 18-12814-mew, ECF No. 1 (Sept. 18, 2018).  Presumably, they did so for the sole purpose of bringing this action, given that no other actions have been pursued by the Liquidators against any other parties.  The Petition was not opposed, and on October 16, 2018, the Bankruptcy Court granted recognition of the Cayman Islands liquidation proceeding as a foreign main proceeding under Chapter 15.  Compl. ¶ 7.  The only issues apparently considered by the Bankruptcy Court were standard gating issues for Chapter 15 cases, and the Court was not presented with any material issues specific to Madison or its prior operations or with any of the material underlying facts on which the Adversary Proceeding is based.  *See* Order Granting Recognition of a Foreign Main Proceeding, Case No. 18-12814-mew, ECF No. 15 (Oct. 16, 2018).

The Liquidators filed this Adversary Proceeding on October 14, 2020, alleging a single claim against Deutsche Bank under Section 147 of the Cayman Islands Companies Law, which

provides a cause of action for "fraudulent trading." Compl. ¶ 60. This statutory provision, with no American counterpart, provides that a duly-appointed liquidator may apply to the Grand Court in the Cayman Islands for a declaration ordering contribution as such court deems proper for "any business of the company [that] has been carried on with intent to defraud creditors of the company." Cayman Islands Companies Law (2020 Revision) § 147(1). The Liquidators allege, under the Cayman Islands statute, that Deutsche Bank was a knowing participant in a "fraudulent trading scheme" perpetuated by the BCI Principals by facilitating atypical transfers through the Madison subaccounts and failing to apply proper oversight procedures. Compl. ¶¶ 1, 59-60. The Complaint makes a jury demand and includes a notice of the intent to raise issues under foreign law pursuant to Federal Rule of Civil Procedures 44.1, presumably to be supported by expert testimony from foreign lawyers. Compl. ¶¶ 61-62.

## **ARGUMENT**

Pursuant to 28 U.S.C. § 157(a), proceedings to be filed in a particular federal district court arising under the Bankruptcy Code or arising in or related to a case under the Bankruptcy Code may be "referred" to the bankruptcy judges for that district. This District has adopted a "Standing Order of Reference" automatically referring such matters to its bankruptcy judges. *See* Amended Standing Order of Reference M–431, dated January 31, 2012 (Preska, C.J.). "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).

While there is no specific time limit to move for withdrawal of the reference, "[c]ourts in this Circuit have defined a 'timely motion,' within the meaning of Section 157(d), to mean as

soon as possible after the moving party has notice of the grounds for withdrawing." *See*

*Guevoura Fund Ltd.* v. *Sillerman*, 2018 WL 6713124, at *2 (S.D.N.Y. Dec. 3, 2018) (internal

citation and quotation marks omitted).  This motion is timely as it is brought less than a month

after Deutsche Bank accepted service of the Complaint, prior to any responsive pleading being

due, and simultaneously with the filing of Deutsche Bank's motion to dismiss the Adversary

Proceeding.  *See id.* at *3 (finding timely a motion to withdraw filed "at a preliminary stage of

the relevant adversary proceeding").

## I.  REFERENCE OF THE ADVERSARY PROCEEDING IS SUBJECT TO MANDATORY WITHDRAWAL

Reference of this Adversary Proceeding is subject to mandatory withdrawal under

Section 157(d) because resolution of the sole claim at issue—"fraudulent trading" under Section

147 of the Cayman Islands Companies Law—raises novel issues regarding the interpretation of a

foreign, non-bankruptcy statute, implicating the doctrine of international comity.

In the Second Circuit, withdrawal of the reference is mandatory "where substantial and

material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of

the proceeding."  *Picard* v. *Flinn Investments, LLC*, 463 B.R. 280, 283 (S.D.N.Y. 2011) (quoting

*In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990)).  "In construing the phrase

'substantial and material consideration,' courts have held such consideration arises when a

determination of issues requires significant *interpretation* of federal laws that Congress would

have intended to have decided by a district judge rather than a bankruptcy judge."  *In re*

*Extended Stay, Inc.*, 466 B.R. 188, 196 (S.D.N.Y. 2011) (internal quotations and alterations

omitted).  In other words, withdrawal is mandatory "where the case would require the

bankruptcy court to engage itself in the intricacies of non-bankruptcy law[.]"  *In re Enron Corp.*,

388 B.R. 131, 136 (S.D.N.Y. 2008) (internal quotations omitted); *see also In re Enron Corp.*,

2004 WL 2711101, at *2 (S.D.N.Y. Nov. 23, 2004) ("The purpose of § 157(d) is to assure that an Article III judge decides issues calling for more than routine application of federal laws outside the Bankruptcy Code.") (internal quotations and alterations omitted).

There is no doubt that mandatory withdrawal can be based on federal common law and is not strictly limited to federal statutory interpretation.  *See Securities Investor Protection Corp.* v. *Bernard L. Madoff Investment Securities LLC,* 2013 WL 4077586, at *4 (S.D.N.Y. Aug. 2, 2013) ("[T]he Trustee argues that the Court's withdrawal authority is limited to non-bankruptcy federal statutes and does not extend to non-bankruptcy federal common law issues . . . [but] the Court has implicitly rejected this argument on numerous occasions.") (collecting cases).  Therefore, mandatory withdrawal can rest on the basis of a need to adjudicate disputed interpretations of international comity, a doctrine arising from federal common law.  *See generally Diorinou* v. *Mezitis*, 237 F.3d 133, 138-40 (2d Cir. 2001) (discussing in detail origins and meanings of comity in federal practice).  Courts in this District have held that bankruptcy matters raising significant issues of international comity must be addressed by an Article III judge and thus are subject to mandatory withdrawal.  *See Securities Investor Protection Corp.,* 2013 WL 4077586, at *4 (granting mandatory withdrawal where determination of the application of "a non-bankruptcy, federal common law doctrine that has important implications for issues of international comity . . . undoubtedly will require substantial and material consideration of non-bankruptcy federal law."); *In re Cablevision S.A.,* 315 B.R. 818, 822 (S.D.N.Y. 2004) ("[I]t may also well be that extending comity to the [Argentine proceeding] is the appropriate course; but that is a determination for an Article III Court, not the bankruptcy court.").

In the present action, there are no issues arising under title 11, and the case will require *only* the consideration of non-bankruptcy law; the sole issue concerns the interpretation of a

foreign statute and the application of comity to these circumstances, ensuring that the Court will need to undertake "substantial and material" consideration of non-bankruptcy law. Indeed, as stated in the Complaint, resolution of this claim will likely require receipt of expert testimony to aid in the interpretation of unfamiliar foreign statutory principles. Compl. ¶ 61. It may also involve a review of legislative history and an evaluation of the intentions of the Cayman Islands legislature. It is thus clear that "issues arising under non-title 11 laws [will] dominate those arising under title 11," the latter of which are none. *In re Extended Stay, Inc.*, 466 B.R. at 196 (internal alterations omitted) (quoting *In re Texaco Inc.*, 84 B.R. 911, 921 (S.D.N.Y. 1988)).

Addressing these matters implicates significant issues of international comity. Section 147 of the Cayman Islands Companies Law has yet to be applied or interpreted substantively by *any* Cayman Islands court. *See* December 4, 2020 Declaration of Rupert Geoffrey Dangar Bell ("Bell Decl.") at ¶ 12. Federal courts in the United States have observed that "where Cayman Islands law is silent, Cayman Islands courts look primarily to English common law for guidance." *Winn* v. *Schafer,* 499 F. Supp. 2d 390, 393 (S.D.N.Y. 2007). Thus, the Court's analysis would require it to interpret unfamiliar, non-binding foreign law (which may not be directly on point), weigh whether a Cayman Islands court would choose to follow such law, and then apply its interpretation to the allegations here. *See also* Bell Decl. at ¶ 10. Such a process will involve many intricacies of non-bankruptcy law, and is certainly not routine, further demonstrating that withdrawal is mandatory here. *See In re Extended Stay, Inc.*, 466 B.R. at 196 ("Mandatory withdrawal is therefore appropriate where the case would require the bankruptcy court to engage itself in the intricacies of non-bankruptcy law, as opposed to routine application of that law or the straightforward application of a federal statute to a particular set of facts.") (internal citations and quotations omitted).

8

The only two U.S. matters implicating Section 147 of the Cayman Islands Companies Law of which Deutsche Bank is aware provide no helpful guidance and, in fact, reiterate the centrality of comity to the issues raised here.  In one such case, the court devoted only a single paragraph to the Cayman Islands fraudulent trading claim in the course of dismissing all claims, which included numerous state law causes of action, for a host of pleading failures.  *See In re ICP Strategic Credit Income Fund Ltd.*, 2015 WL 5404880, at *17-18 (Bankr. S.D.N.Y. Sept. 15, 2015), *aff'd,* 568 B.R. 596 (S.D.N.Y. 2017), *aff'd sub nom. In re ICP Strategic Income Fund, Ltd.*, 730 F. App'x 78 (2d Cir. 2018).[3]  The only other decision that mentions Section 147 dismissed claims brought under the Bankruptcy Code with prejudice, in part due to application of the principles of international comity because the claims overlapped with Cayman Islands causes of action including under Section 147.  *See In re CIL Limited*, 582 B.R. 46, 103 (Bankr. S.D.N.Y. 2018), *amended on reconsid.*, 2018 WL 3031094 (Bankr. S.D.N.Y. June 15, 2018). These decisions featured little, if any, substantive analysis of the Cayman Islands fraudulent trading statute and leave the court with no relevant precedent from either the originating jurisdiction or domestic courts to apply.

Thus, application of the Cayman Islands statute will require the court to make determinations that are matters of first impression for *any* court, reducing the burden for justifying mandatory withdrawal.  *See In re MF Global, Inc.*, 2012 WL 4757866, at *3 (S.D.N.Y.

---

[3]     The *ICP* bankruptcy court granted the defendants' motion to dismiss, finding, among other things, that the plaintiffs had failed to meet the pleading standards of Fed. R. Civ. P. 9(b) and were barred from recovery by the *in pari delicto* defense under New York's *Waggoner* rule.  *Id.* at 18.  On appeal to the district court, the district court affirmed on *in pari delicto* grounds, and agreed with the bankruptcy court that there were "insufficient allegations of an intent to defraud or fraudulent purpose."  *In re ICP Strategic Credit Income Fund Ltd.*, 568 B.R. at 612-13.  The Court of Appeals subsequently affirmed as well in a Summary Order, making only one passing reference to Section 147.  *In re ICP Strategic Income Fund, Ltd.*, 730 F. App'x at 83.  The claims brought under New York law were the primary focus of all three opinions.

Oct. 4, 2012) ("Although mandatory withdrawal does not require matters of first impression be involved, where they are, 'the burden of establishing a right to mandatory withdrawal is more easily met.'") (quoting *Picard* v. *JPMorgan Chase & Co*, 454 B.R. 307, 312 (S.D.N.Y. 2011)). Therefore, the courts in the Cayman Islands have a far greater interest in this litigation than U.S. courts, triggering significant comity concerns that must be addressed before there is any decision on the merits interpreting and applying this statute. *See, e.g.*, *In re Maxwell Communications Corp.,* 93 F.3d 1036, 1048-52 (2d Cir. 1996) (dismissing claims under doctrine of international comity where English law governed dispute and English courts had greater interest in disputed issues). As such, whether to dismiss this action on the basis of comity or otherwise is a determination that must be made by an Article III judge. *See In re Ames Department Stores Inc.*, 512 B.R. 736, 740-41 (S.D.N.Y. 2014) (holding "broad purpose of § 157(d) and caselaw" was consistent with mandatory withdrawal in case raising unsettled question of whether case could even be maintained in federal court).

Second, Deutsche Bank is also advancing an affirmative defense that recovery is barred by the *ex turpi causa non oritur actio* ("*ex turpi causa*") principle under Cayman Islands law in the unlikely event that the adjudicating court finds that Plaintiffs adequately plead a claim for fraudulent trading under Section 147. *Ex turpi causa* dictates that a wrongdoer cannot later claim compensation for the same fraud in which it took part. Bell Decl. at ¶ 28. Similar to the fraudulent trading claim, the contours of *ex turpi causa* remain unsettled in both Cayman Islands and U.K. law, again forcing the adjudicating court to undertake the burdensome task of weighing unsettled and often conflicting foreign authority in order to resolve the claim presented in this action. Bell Decl. at ¶¶ 29-34. These questions are ones that must be answered by an Article III

judge.  *See In re Cablevision,* 315 B.R. at 822 (application of comity "is a determination for an Article III court, not the bankruptcy court").

There is nothing "routine" about a bankruptcy court interpreting a foreign statute in the absence of meaningful case law to guide it.  *See Bonny Gas Transport. Ltd.* v. *O.W. Bunker Germany GmbH*, 2016 WL 5369615, at *2 (S.D.N.Y. Apr. 27, 2016) (ordering mandatory withdrawal for "interesting and apparently novel questions" concerning non-bankruptcy law); *LightSquared Inc.* v. *Deere & Co.*, 2014 WL 345270, at *4 (S.D.N.Y. Jan. 31, 2014) (mandatory withdrawal clearly appropriate where, in absence of binding authority, issues "would require 'significant,' rather than 'simple,'" interpretation of non-bankruptcy law).  Mandatory withdrawal is particularly appropriate here, where the court may have to address multiple questions of unsettled foreign law for which there is little guidance.

Even if not phrased in terms of comity, withdrawing the reference here should still be mandatory based on the required interpretation of the Section 147 claim.  The purpose underlying mandatory withdrawal—to place substantial issues of non-bankruptcy law before district courts, rather than bankruptcy courts—is just as compelling with regard to the interpretation of unsettled foreign law claims, as it is with respect to other non-bankruptcy law claims.  *See In re Ionosphere Clubs, Inc.*, 1990 WL 5203, at *5 (S.D.N.Y. Jan. 24, 1990) ("The purpose of § 157(d) is to assure that an Article III judge decides issues calling for more than routine application of statutes outside the Bankruptcy Code.") (quoting 1 L. King, *Collier on Bankruptcy,* ¶ 3.01 at 3–66–67 (15th ed. 1989)).  Bankruptcy courts have no special expertise in interpreting foreign statutory provisions that do not have analogues in the Bankruptcy Code, and interpretation of difficult questions under foreign law inherently requires substantial and material

consideration of, *inter alia*, expert evidence and significant interpretation of unfamiliar authority of that jurisdiction.

For all of these reasons, the reference must be withdrawn.

## II.    REFERENCE OF THE ADVERSARY PROCEEDING SHOULD BE WITHDRAWN FOR CAUSE

Even if the Court were to decline to find that withdrawal is mandatory under these circumstances, the Court should still withdraw the reference discretionarily for cause.  In the Second Circuit, discretionary withdrawal is governed by the test established in *Orion*. 4 F.3d at 1101.  First, a court must determine whether the claim or proceeding is core or non-core, and then "weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administrations, the prevention of forum shopping, and other related factors."  *In re Residential Capital, LLC*, 519 B.R. 593, 598 (S.D.N.Y. 2014) (quoting *Orion*, 4 F.3d at 1101).[4]  All the *Orion* factors favor withdrawing the reference here.

### A.   The Fraudulent Trading Claim is Non-Core

A core proceeding is one "that clearly invoke[s] substantive rights created by federal bankruptcy law" or otherwise "would have no existence outside of the bankruptcy."  *In re Robert Plan Corp.*, 777 F.3d 594, 596-97 (2d Cir. 2015) (internal quotations and citations omitted). While a Chapter 15 recognition proceeding itself is core, whether another proceeding in a Chapter 15 case is core must be determined under the same legal standard applicable to other

---

[4]    Since *Stern* v. *Marshall*, 564 U.S. 462 (2011), courts have recognized that the first part of the *Orion* test must factor into its analysis of whether, even if a claim is statutorily defined as core, the bankruptcy court would have constitutional authority to enter a final judgment.  *See Development Specialists, Inc.* v. *Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 464 (S.D.N.Y. 2011). However, as explained below, the claim here is undeniably non-core, and thus "this Court need not resolve the best way to apply *Stern* to a motion to withdraw the reference."  *In re EMS Financial Services, LLC*, 491 B.R. 196, 203 (E.D.N.Y. 2013).

bankruptcy-related matters. *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 676 (S.D.N.Y. 2011). Section 147 of the Cayman Islands Companies Law, by its very nature, exists outside of bankruptcy as part of the law of another sovereign. "Fraudulent trading" is not a cause of action recognized under federal or state law in the United States, and has no equivalent in the Bankruptcy Code. Thus, this claim is indisputably non-core.[5]

### B. *Judicial Efficiency*

Matters of judicial economy support withdrawal of the reference here. First, in considering the most efficient use of judicial resources, "[t]he determination as to whether the bankruptcy court could issue a final determination is pivotal." *Dynegy Danskammer, L.L.C.* v. *Peabody COALTRADE International Ltd.*, 905 F. Supp. 2d 526, 533 (S.D.N.Y. 2012) (internal quotations and citation omitted). Because any determinations made by the Bankruptcy Court would have to be reviewed *de novo* by the District Court, "unnecessary costs can be avoided by a single proceeding in [district] court." *In re The VWE Group, Inc.*, 359 B.R. 441, 451 (S.D.N.Y. 2007). Here, the Bankruptcy Court cannot issue any final judgment of this non-core claim. Second, the Liquidators have made a jury demand. Compl. ¶ 62. These two factors alone are sufficient cause to warrant withdrawal. *See M. Fabrikant & Sons, Inc.* v. *Long's Jewelers Ltd.*, 2008 WL 2596322, at *4 (S.D.N.Y. June 26, 2008) ("The Complaint . . . do[es] not make any allegations that involve bankruptcy law, so the bankruptcy court is not in a better position to handle pre-trial proceedings. [Withdrawal] of the reference is efficient because [party] demanded a jury trial and a trial in this case would ultimately occur in the district court."); *In re The VWE Group, Inc.*, 359 B.R. at 451 ("Under *Orion*, the court's finding that the claim is non-

---

[5]     For the avoidance of doubt, Deutsche Bank does not consent to the entry of a final judgment by the Bankruptcy Court with respect to any matter for which its consent is required.

core coupled with [party's] jury demand is sufficient cause to withdraw the reference.");
*Development Specialists, Inc.*, 462 B.R. at 472 (quoting and following *VWE Group* in adversary proceeding involving non-core state law claims where jury trial was demanded).

Further strengthening the case for efficiency is that this is a foreign law claim over which the Bankruptcy Court has no expertise. *See In re Residential Capital, LLC*, 527 B.R. 865, 872 (S.D.N.Y. 2014) ("[T]he issues at the heart of this adversary proceeding are contract law questions under Minnesota law, as to which the bankruptcy court does not have a unique advantage."); *see also Nukote International, Inc.* v. *Office Depot, Inc.*, 2009 WL 3840482, at *6 (M.D. Tenn. Nov. 16, 2009) ("The defendant's argument, that the resources of the system will be most efficiently used by trying this complex case (which involves foreign, non-bankruptcy law and precipitating events that occurred pre-petition) outside of Bankruptcy Court is certainly compelling."); *American Biomaterials Corp.* v. *University of Florida*, 1989 WL 144931, at *3 (D.N.J. Nov. 20, 1989) ("The proceeding involves a breach-of-contract dispute which requires a jury trial and the application of the law of a foreign jurisdiction.  It is a matter which should be adjudicated in a district court.").  Such reasoning is even more persuasive here, where the sole claim is a matter of foreign law in the Cayman Islands as to which the Bankruptcy Court presumably has no familiarity.  Adding yet further weight, there are matters of first impression that may require the consideration of multiple layers of foreign law, including not just Cayman Islands statutory interpretation, but also case law from the United Kingdom involving similar issues, and the deference such U.K. decisions should be accorded.  *See infra* Section I; *see also In re Money Centers of America, Inc.*, 579 B.R. 710, 715 (S.D.N.Y. 2016) ("[I]t is a waste of judicial resources for a court of specialized bankruptcy knowledge to administer a case that does not require application of that knowledge."); *New York Skyline, Inc.* v. *Empire State Building Co.*

14

*L.L.C.*, 542 B.R. 321, 324 n.4 (S.D.N.Y. 2015) ("[I]t is hard to imagine how judicial economy is served by a specialized Article I court performing a function ... at the [ ] margin of its powers").

In sum, it is far more efficient for the District Court to render a decision on such weighty issues of foreign law, particularly ones of first impression, rather than requiring the unnecessary expenditure of judicial and party resources for a preliminary ruling by the Bankruptcy Court that would then need to be reviewed *de novo* by the District Court in any event.  *See Development Specialists, Inc.*, 462 B.R. at 472 ("It would be inefficient to allow these proceedings to go forward, knowing that they will have to be substantially repeated.").

The cases in which courts have found that considerations of efficiency weighed against withdrawal were markedly different from the circumstances presented here.  This action is not a matter in which "the Bankruptcy Court has already developed substantial familiarity with the facts underlying th[e] case."  *See, e.g.*, *In re Jacoby & Meyers-Bankruptcy LLP*, 2017 WL 4838388, at *5 (S.D.N.Y. Oct. 25, 2017).  Nor is there a connection to a broader reorganization or relevant proceedings of any sort in the Bankruptcy Court.  *See, e.g.*, *Picard* v. *Saren-Lawrence*, 2018 WL 2383141, at *5-6 (S.D.N.Y. May 15, 2018) (finding efficiency weighed against withdrawal where judge had great familiarity with bankruptcy estate and similar issues arising in related actions).  Unlike a large Chapter 11 case, this Adversary Proceeding is the sole matter before the Bankruptcy Court in the Madison Chapter 15 proceeding.  Since the Bankruptcy Court summarily granted recognition of the Cayman Islands proceedings on October 16, 2018 (Case No. 18-12814-mew, ECF 15), there has been almost no activity in the Chapter 15 case.[6]  *See In re Money Centers of America, Inc.*, 579 B.R. at 714 (finding withdrawal was

---

[6]     The only prior activity in the case was a motion filed by a non-party to take discovery of the foreign representatives, which was withdrawn on July 19, 2019.  Case No. 18-12814-mew, ECF 22.

efficient where "there are no related adversary proceedings pending before [the bankruptcy court], and the adversary proceeding is based on two state-law claims."). Thus, there is no counterweight against the efficiency factors that clearly support withdrawal.

Finally, this case is in its initial stages.[7] "At the infant stage of the proceeding the issue of withdrawal is discretionary and turns largely on considerations of judicial economy." *Light Energy Installers, LLC* v. *Kyocera International, Inc.*, 2018 WL 4298635, at *3 (N.D.N.Y. Sept. 10, 2018) (internal quotations and citation omitted). Here, where the court has no history or experience with the claims and facts at issue, there is an efficiency benefit to withdrawing the reference at the outset of the matter and avoiding duplication or unnecessary use of judicial resources. *See Scott* v. *AIG Property Casualty Co*., 2017 WL 1380607, at *4 (S.D.N.Y. Apr. 17, 2017) ("This case does not present a situation in which the bankruptcy court has presided over the case for many years and is therefore familiar with the parties and the underlying issues in the case. Indeed, nothing has happened in the adversary proceeding as of yet[.]"). Withdrawing the reference now, before any dispositive motions are fully briefed, much less adjudicated, will conserve judicial and party resources.

### C. *Delay and Costs to the Parties*

This motion raises no danger of delay, as it is filed contemporaneously with Deutsche Bank's motion to dismiss, its first response to the Adversary Complaint. *See In re Westinghouse Electric Co.*, 2019 WL 1349500, at *4 (S.D.N.Y. Mar. 25, 2019) ("[B]ecause this adversary proceeding is at an early stage in which little or no discovery has taken place and no extensive motion practice has come before the Bankruptcy Court, withdrawing the reference will not lead

---

[7]     At an initial pre-trial conference on December 2, 2020, the Bankruptcy Court approved a schedule providing for, *inter alia*, initial fact discovery not concluding until December 3, 2021.

to any 'undue delay or require any duplication of effort.'") (citation omitted).  Accordingly, immediate withdrawal will avoid the unnecessary expenditure of the Bankruptcy Court's time and the parties' efforts on duplicative proceedings.  *See DeWitt Rehabilitation & Nursing Center, Inc.* v. *Columbia Casualty Co.,* 464 B.R. 587, 593 (S.D.N.Y. 2012) (finding "duplicate reviews" in non-core case to be "costly and time-consuming" effort that "unnecessarily expend[ed] judicial resources").  Thus, this factor weighs in favor of withdrawal as well.

### D.  *Uniformity of Bankruptcy Administration*

Withdrawal here would not threaten the uniformity of bankruptcy administration, as the claim at issue is a foreign cause of action with no connection to an ongoing matter in the Bankruptcy Court.  Courts have found there is no uniformity benefit to bankruptcy administration where claims are not brought under bankruptcy or other federal law.  *See Dynegy Danskammer, L.L.C.*, 905 F. Supp. at 533 ("Courts routinely have found no benefit where claims are based on state law."); *Scott*, 2017 WL 1380607, at *4 ("Withdrawal of the reference would also not adversely impact the uniformity of bankruptcy administration because the adversary proceeding claims are not brought under bankruptcy law.").  As explained above, resolution of this matter will require the adjudicating court to apply a foreign statute that has never been directly interpreted by any court in the Cayman Islands, much less the United States.  The Bankruptcy Court is no better equipped than the District Court to render a decision on such a matter of first impression, or to receive and apply expert evidence on the meaning of Cayman Islands law.  That the Liquidators have already stated they intend to offer expert testimony to raise issues under foreign law (Compl. ¶ 61) makes clear that this is a unique action raising no risk to bankruptcy administration.  *See DeWitt Rehabilitation and Nursing Center, Inc.*, 464 B.R. at 593 ("Regarding uniformity of bankruptcy administration ... [r]esolution of the present action

will at best increase [the debtor's] assets, and at worst declare them unchanged, but in any event

is unlikely to affect other creditor claims, as the contractual and factual issues are unique . . .").

*Orion* cautions District Courts against withdrawal where there are legal and factual issues

that overlap with other matters pending before the Bankruptcy Court.  *See Lehman Brothers*

*Holdings Inc.* v. *Standard Pacific Mortgage, Inc.*, 2019 WL 7593628, at *3 (S.D.N.Y. Aug. 23,

2019) (putting emphasis on fact that there were ~200 similar indemnification actions pending

before same bankruptcy judge).  As described above, that concern is not present here.

### E.  Forum Shopping and Other Related Factors

There is no danger of forum shopping in this situation, as Deutsche Bank is only seeking

to withdraw the reference so that the case can be before a court that has the constitutional

authority to address issues under a foreign law and ultimately to try the case, if necessary or

appropriate.  *See, e.g.*, *In re Coudert Brothers*, 2011 WL 7678683, at *7 (S.D.N.Y. Nov. 23,

2011) ("[T]here is no evidence that [defendant's motion to withdraw the reference] is an attempt

to engage in forum shopping.  Quite the contrary: . . . Indeed, given that the claims at issue are

all non-core, this case involves a non-core proceeding that could have and probably should have

been brought in a district court originally.") (internal quotations and citation omitted).[8]  Thus,

this factor also supports withdrawal of the reference.

---

[8]     If anything, the Liquidators' choice to file this case in Bankruptcy Court raises forum shopping
concerns.  An affiliate of Deutsche Bank already successfully litigated in the District Court another
case involving the same Ponzi scheme that this Complaint invokes.  *See Deutsche Bank Trust*
*Company Americas* v. *Rado Limited Partnership*, 2019 WL 1863272 (S.D.N.Y. Apr. 25, 2019)
(granting summary judgment to Deutsche Bank affiliate on breach of contract claim and dismissing
counterclaims).  That decision was affirmed in full by the Court of Appeals.  *Deutsche Bank Trust*
*Company Americas* v. *Rado Limited Partnership*, 819 F. App'x 66 (2d Cir. 2020) (Summary
Order).

## **CONCLUSION**

Deutsche Bank respectfully requests that the District Court grant the relief requested herein by withdrawing the reference of this Adversary Proceeding to the Bankruptcy Court.

Dated: December 4, 2020
      New York, New York

                              CAHILL GORDON & REINDEL LLP

                              By: */s/* David G. Januszewski
                              David G. Januszewski
                              Joel H. Levitin
                              Samuel G. Mann
                              Sesi V. Garimella
                              Bonnie E. Trunley
                              32 Old Slip
                              New York, New York  10005
                              Tel.: 212-701-3000
                              Fax: 212-269-5420

                              *Attorneys for Defendant Deutsche Bank AG*