USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MADISON ASSET LLC

MARTIN NICHOLAS JOHN TROTT, *on behalf of and solely in their capacity as the Foreign Representatives and Joint Official Liquidators of MADISON ASSET LLC (IN LIQUIDATION)*, and CHRISTOPHER JAMES SMITH, *on behalf of and solely in their capacity as the Foreign Representatives and Joint Official Liquidators of MADISON ASSET LLC (IN LIQUIDATION)*,

                Plaintiffs,

-against-

DEUTSCHE BANK, AG,

                Defendant.

1:20-cv-10299-MKV

ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT

MARY KAY VYSKOCIL, United States District Judge:

    Pending before the Court is Defendant's motion to dismiss the Amended Complaint. [ECF No. 25.] Plaintiffs' opposition is due May 14, 2021. [ECF No. 24.] On May 4, 2021, Plaintiffs filed a letter requesting leave to file a Second Amended Complaint. [ECF No. 30.] Plaintiffs did not submit a proposed Second Amended Complaint, but in their letter, they summarized allegations they intend to include in their anticipated amendment, which are based on a recently obtained transcript of deposition testimony that a former employee of Defendant gave in another proceeding. Defendant opposes Plaintiffs' request for leave to amend. [*See* ECF No. 31.]

    Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Amendments are generally favored because they "tend to facilitate a proper decision on the merits." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (quoting *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)). "Although the decision whether to

grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground." *Oliver Schs., Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) (quoting *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). Leave to amend should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Where a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (citing *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)). In adopting this rule, the Second Circuit explained that this approach "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Id.* Accordingly, district courts have "the option of either denying the pending motion [to dismiss] as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Id.* at 303–04.

Where the proposed amendment requires leave of court, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Rheaume v. Pallito*, No. 2:15–cv–135–wks–jmc, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015) (emphasis omitted) (quoting *Roller Bearing Co. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *accord Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (reversing district court's denial of motion for leave to amend complaint and holding that motion for leave rendered moot pending motion to dismiss rather than vice versa). *See generally New Oriental Enter., PTE, Ltd. v. Mission*

*Critical Sols. LLC*, No. 1:20-cv-2327-MKV, 2021 WL 930616 (S.D.N.Y. Mar. 11, 2021). In determining whether to deny the motion to dismiss as moot, courts consider whether the plaintiff seeks to add new defendants or claims and whether the existing defendant has responded to the proposed amendments *See e.g.*, *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 139 (E.D.N.Y. 2017) (collecting cases); *Gentleman v. State Univ. of N.Y.—Stony Brook*, No. 16-cv-2012 (ADS)(AKT), 2016 WL 6892151, at *4 (E.D.N.Y. Nov. 21, 2016).

The Court elects to grant Plaintiffs leave to amend and to deny the pending motion to dismiss as moot. As noted, this is the preferred course where the amended complaint requires leave of court. *Rheaume*, 2015 WL 7300790, at *2. Further, Plaintiffs seek to amend to add new substantive allegations that go to the heart of their claim—allegations to which Defendant has not had an opportunity to respond in its motion. In addition, "granting leave to amend is consistent with the liberal standard of Rule[] 15 . . . , and with the Second Circuit's 'strong preference for resolving disputes on the merits.'" *Patterson v. Morgan Stanley*, No. 16-cv-6568 (RJS), 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

The Court also finds no undue delay by Plaintiffs and prejudice to Defendant from permitting amendment at this early stage in the litigation. There is no undue delay as Plaintiffs' request for leave was filed shortly after Defendant moved to dismiss. *See Joint Stock Co. v. Infomir LLC*, No. 16 Civ. 1318 (GBD) (BCM), 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017) (finding no undue delay where plaintiffs moved for leave to amend twenty-four days after defendant moved to dismiss and before any defendant answered complaint). Defendant argues that Plaintiffs' request is untimely under the Court's Individual Practice Rules. [ECF No. 32 at 2.] But mere delay, absent bad faith or undue prejudice, is not alone grounds to deny leave to amend.

*Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (collecting cases). There is "no undue prejudice because the parties are far from trial, no Defendant has answered, no Rule 16 conference has been held, and no discovery deadlines have been established." *Joint Stock Co.*, 2017 WL 2988249, at *1. There is also no evidence of bad faith as Plaintiffs claim that they only recently obtained the deposition testimony to support their new, anticipated allegations and that Defendant previously denied the existence of the deposition testimony. [ECF No. 30 at 1.] Defendant, however, is correct to point out that 30 days for Plaintiffs to file their Second Amended Complaint is excessive.

The Court is also mindful of judicial economy and preserving the parties' resources. *Pettaway*, 955 F.3d at 303; *see also In re "Agent Orange" Prod. Liab. Litig.*, 220 F.R.D. 22, 25 (E.D.N.Y. 2004) (considering "impact of granting leave on judicial economy"). "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). Granting leave to amend the complaint after granting a motion to dismiss is particularly appropriate where, as here, the heightened pleading standard for fraud under Rule 9(b) applies. *S.E.C. v. One or More Unknown Traders in Sec. of Onyx Pharm., Inc.*, 296 F.R.D. 241, 254 (S.D.N.Y. 2013) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007)). It is in the interest of judicial economy for Plaintiffs to amend now rather than after a ruling of Defendants' motion to dismiss.

Defendant argues that Plaintiffs' request "does not contemplate submitting a proposed amendment with their motion such that [Defendant] can fully respond." [ECF No. 32 at 2.] But the failure to submit a proposed amendment "is not necessarily fatal" where, as here, the movant or party requesting leave "adequately explain[s] the basis for, and nature of, the proposed

amendment." *Murray v. New York*, 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009) (citing *Segatt v. GSI Holding Corp.*, 07 Civ. 11413, 2008 WL 4865033, at *4 (S.D.N.Y. Nov. 3, 2008)); *see Fei v. WestLB AG*, No. 07CV8785(HB)(FM), 2008 WL 594768, at *1 (S.D.N.Y. Mar. 5, 2008) (rejecting objection to form of request for leave to amend where plaintiff "described in detail the proposed addition of and the basis for the [proposed] claim in the letter request"). Indeed, Defendant has responded to Plaintiffs' proposed further allegations in arguing that amendment would be futile. [*See* ECF No. 32 at 3.] As to Defendant's futility arguments, "In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Chubb INA Holdings Inc. v. Chang*, No. 16-2354-BRM-DEA, 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016) (collecting cases). The Court therefore declines to consider Defendants' futility arguments at this juncture.

By reason of Defendant's motion to dismiss, Plaintiffs are on notice of the alleged deficiencies in their pleading. Plaintiffs are warned that the Court will be reluctant to grant further leave to amend if Defendant successfully moves to dismiss the Second Amended Complaint. As the Second Circuit has explained:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (alteration, internal quotation marks, and citations omitted); *see also Valverde v. Folks*, No. 1:19-cv-08080-MKV, 2020 WL 5849515, at *13 (S.D.N.Y. Sept. 30, 2020).

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' request for leave to amend is GRANTED and Defendant's motion to dismiss is DENIED as moot. Plaintiffs shall file their Second Amended Complaint on or before May 19, 2021. If it wishes to move to dismiss the Second Amended Complaint, Defendant shall submit a pre-motion letter, as required by the Court's Individual Rules of Practice ¶ 4.A.i.

The Clerk of Court is respectfully requested to terminate docket entries 25, 29, and 30.

**SO ORDERED.**

**Date: May 11, 2021**
**New York, NY**

*Mary Kay Vyskocil*

**MARY KAY VYSKOCIL**
**United States District Judge**