EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN NICHOLAS JOHN TROTT and CHRISTOPHER JAMES SMITH, on behalf of and solely in their capacity as the Foreign Representatives and Joint Official Liquidators of MADISON ASSET LLC (IN LIQUIDATION),<br><br>            Plaintiffs,<br><br>    v.<br><br>DEUTSCHE BANK AG,<br><br>            Defendant. | Case No. 1:20-cv-10299-MKV |

### DEUTSCHE BANK AG's RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 33.3 of the Local Civil Rules of the United States District Court for the Southern District of New York ("Local Civil Rules"), defendant Deutsche Bank AG ("Deutsche Bank"), by its undersigned attorneys, makes the following responses and objections to Plaintiffs Martin Nicholas John Trott and Christopher James Smith, on behalf of and solely in their capacity as the Foreign Representatives and Joint Official Liquidators of Madison Asset LLC's ("Plaintiffs") First Set of Interrogatories (the "Interrogatories"), dated February 4, 2021.  Any capitalized term used but not defined herein shall have the same meaning attributed to it in the Interrogatories.

### OFFER TO CONFER IN GOOD FAITH

Deutsche Bank offers to meet and confer in good faith with counsel for Plaintiffs concerning the Interrogatories and the following Responses and Objections, and reserves all rights.

## GENERAL OBJECTIONS

Deutsche Bank makes the following general objections to the Interrogatories. These general objections apply to each of the Interrogatories and are incorporated in the specific responses to each individual Interrogatory, even if they are not specifically referenced in each response. The assertion of the same, similar, or additional specific objections in an individual Interrogatory does not waive or limit any of Deutsche Bank's general objections.

1. Deutsche Bank objects to each of Plaintiffs' Definitions, Instructions and Interrogatories to the extent that they call for information that is more easily obtained from other sources.

2. Deutsche Bank objects to each of Plaintiffs' Definitions, Instructions and Interrogatories to the extent that they purport to require Deutsche Bank to seek information in the possession, custody or control of other persons or entities, or to create documents not presently in Deutsche Bank's possession, custody or control.

3. Deutsche Bank objects to each of Plaintiffs' Definitions, Instructions and Interrogatories to the extent that they call for information beyond the scope of Local Civil Rule 33.3, which limits interrogatories at the commencement of discovery to "those seeking the names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents[.]"

4. Deutsche Bank objects to each of Plaintiffs' Definitions, Instructions and Interrogatories to the extent that they call for information duplicative of information or documents that are being or have been provided to Plaintiffs in response to the October 17, 2018

Subpoena served on Deutsche Bank and/or the October 17, 2018 Subpoena served on Deutsche Bank's non-party affiliate, Deutsche Bank Trust Company Americas ("DBTCA"), in connection with the Chapter 15 case captioned *In re Madison Asset LLC*, Case No. 18-12814 (Bankr. S.D.N.Y.).

5. Deutsche Bank objects to each of Plaintiffs' Definitions, Instructions and Interrogatories to the extent that they call for information that is beyond the scope of the claims asserted in the above-captioned action.

6. Deutsche Bank objects to each of Plaintiffs' Definitions, Instructions and Interrogatories to the extent that the specific Definition, Instruction, or Interrogatory is ambiguous, vague, or otherwise incomprehensible.

7. Deutsche Bank objects to each of Plaintiffs' Definitions, Instructions and Interrogatories to the extent that certain information sought is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or protection. Without prejudice to this objection, Deutsche Bank will provide responses to the Interrogatories to the extent that such responses do not waive such privileges or protections. If any such privileged information is disclosed, the disclosure shall be deemed inadvertent and will not be intended to waive or prejudice any applicable privilege or immunity from disclosure with respect to such disclosed information or any other information.

8. Deutsche Bank objects to each of Plaintiffs' Definitions, Instructions and Interrogatories to the extent that they call for information that Deutsche Bank is prohibited from disclosing by order, statute, rule, regulation or law, including, but not limited to, privacy laws of the United Kingdom and/or the European Union, or any other jurisdiction in which documents or information are located.

3

9. Deutsche Bank objects to each of Plaintiffs' Definitions, Instructions and Interrogatories to the extent that they seek trade secrets, proprietary, and/or confidential business information, information with regard to which Deutsche Bank owes confidentiality to customers and other non-parties, and personal information subject to statutory, regulatory or other protections. Deutsche Bank's production of information, or any offer by Deutsche Bank to produce information, in these Responses will be subject to the terms and conditions of a stipulation governing the exchange of confidential information to be entered into by the parties or any subsequent confidentiality order.

10. In responding to the Interrogatories, Deutsche Bank will conduct a reasonable search for information and documents in the locations where Deutsche Bank believes information necessary in order to respond to the Interrogatories (as limited by these objections) is reasonably likely to be located, and will consult with employees who are reasonably likely to be able to provide information necessary in order to respond to the Interrogatories (as limited by these objections).

11. The Responses herein constitute Deutsche Bank's good faith efforts to provide responses to the Interrogatories and are based on information that Deutsche Bank has been reasonably able to gather at the time these Responses are made. Deutsche Bank reserves its right to amend, modify, and supplement these Responses and Objections based on any additional information it may uncover, documents or information Plaintiffs produce, or upon such arguments as may later be determined to be appropriate. Deutsche Bank also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these Responses as a result of mistake, error, oversight or inadvertence.

12.     Nothing herein shall be construed as an admission by Deutsche Bank respecting the materiality, relevance, or admissibility of any fact or document.

13.     Deutsche Bank's failure to assert a specific objection in response to the Interrogatories or a particular Interrogatory set forth therein is not intended to be, nor shall it be deemed to be, a waiver of Deutsche Bank's ability to assert such objection(s) at a later date.

**OBJECTIONS TO INSTRUCTIONS AND SPECIFIC DEFINITIONS**

1.      Deutsche Bank objects to Definition No. 2, "BCI Individuals" as vague, ambiguous, overly broad, and unduly burdensome, including, but not limited to the extent it seeks information with respect to 43 individuals in Schedule 1, "*any* of their partners, employees, agents, brokers, representatives, servants" as well as any persons or entities "understood to act or purporting to act directly or indirectly on behalf of or under their control." Deutsche Bank further objects to the Definition to the extent that many of the 43 listed individuals listed in Schedule 1 have no relationship to Madison and/or that Plaintiffs seeks information that is neither relevant to the claims, defenses or subject matter of this litigation, nor reasonably tailored to lead to the discovery of admissible evidence.

2.      Deutsche Bank objects to Definition No. 3 "Biscayne Accounts" as overly broad and unduly burdensome, including but not limited to the extent that it seeks information concerning 115 companies listed in Schedule 2, as well as other unidentified accounts "opened by defendant or any other entity under common control with defendant" and accounts in the name of or "for the benefit of" each of the 115 companies listed in Schedule 2. Deutsche Bank further objects to the Definition to the extent that many of the 115 companies listed in Schedule 2 have no ties to Madison and/or that Plaintiffs seek information that is neither relevant to the

claims, defenses or subject matter of this litigation, nor reasonably tailored to lead to the discovery of admissible evidence.

3.    Deutsche Bank objects to Definition No. 4 "Biscayne Group of Companies" as vague, ambiguous, overly broad, and unduly burdensome, including but not limited to the extent that it seeks information concerning 115 companies listed in Schedule 2, "*any* of their respective predecessors and successors, past and present subsidiaries, parents, holding companies, affiliates with ownership in common, partners, divisions, branches, directors, officers, employees, agents, brokers, representatives, servants" and any persons or entities "understood to act or purporting to act directly or indirectly on behalf of or under their control." Deutsche Bank further objects to the Definition to the extent that many of the 115 companies listed in Schedule 2 have no ties to Madison and/or that Plaintiffs seek information that is neither relevant to the claims, defenses or subject matter of this litigation, nor reasonably tailored to lead to the discovery of admissible evidence.

4.    Deutsche Bank objects to Definition No. 6 "Madison Accounts" as overly broad and unduly burdensome, including but not limited to the extent that it seeks information concerning "any other bank accounts held by Madison with defendant or held by Madison with another entity under common control with defendant." Deutsche Bank further objects to the Definition on the ground that it seeks information that is neither relevant to the claims, defenses or subject matter of this litigation, nor reasonably tailored to lead to the discovery of admissible evidence. For purposes of responding to these Interrogatories, Deutsche Bank will construe "Madison Accounts" to mean only the accounts held with Deutsche Bank under account numbers 153-05090, 153-05091, 153-05092, 153-05093, 153-05094, 153-05095, 153-05096, 153-05097, 153-05098, 153-05099, 153-05110, 153-05111, 153-05112, 153-05113, 153-05114,

153-05115, 153-05116, 153-05117, 153-05118, 153-05119, 153-05120, 153-05121, 153-05122, 153-05123, 153-05124, 153-05125, 153-05126, 153-05127, 153-05128, 153-05129, 153-05140, 153-05141, 153-05142, 153-05143, 153-05144, 153-05145, 153-05146, 153-05147, and 153-05148.

5.     Deutsche Bank objects to the time period of January 1, 2005 through the date of response contained in Instruction No. 4 on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims, defenses or subject matter of this litigation, nor reasonably tailored to lead to the discovery of admissible evidence.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:** Identify all current or former employees of defendant that had any role in establishing, monitoring, or administering the Madison Accounts.

**Response to Interrogatory No. 1:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further objects to this Interrogatory to the extent that information responsive to this Interrogatory is already in the possession of Plaintiffs. Deutsche Bank further objects to this Interrogatory on the ground that the request for the identities of "all current and former employees" with "any role" in the Madison Accounts renders it ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, and based upon a reasonably inquiry, Deutsch Bank identifies the following current and former employees in response to Interrogatory No. 1:

- Paul G. Bishop
- Anthony T. Toscano
- Scott Habura

7

**INTERROGATORY NO. 2:** Identify all current or former employees of defendant that had any role in establishing, monitoring, or administering the Biscayne Accounts.

**Response to Interrogatory No. 2:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further objects to this Interrogatory on the ground that the request for the identities of "all current and former employees" with "any role" in the Biscayne Accounts renders it vague, ambiguous, overbroad, and unduly burdensome. Deutsche Bank further objects to this Interrogatory to the extent that, in seeking the identity of individuals with "any role in establishing, monitoring, or administering the Biscayne Accounts" for the period January 1, 2005 to the date of these responses, Plaintiffs seek information that is outside the scope of the claims asserted in the above-caption action and seek to impose upon Deutsche Bank costs and obligations beyond those contemplated by the Federal Rules of Civil Procedure and the Local Civil Rules (collectively, the "Rules") and which are not proportional to the needs of the case. Based on the foregoing objections, Deutsche Bank will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 3:** Identify all current or former employees of defendant with knowledge concerning "know your customer" or "know your client" rules, policies, guidelines, regulations, or laws that would have applied to custodial accounts.

**Response to Interrogatory No. 3:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further objects to this Interrogatory on the ground that the request for the identities of "all current and former employees with knowledge" of the described "know your customer" or "know your client" policies, regulations, etc. renders it vague, ambiguous, overbroad, and unduly burdensome. Deutsche Bank further objects to this

Interrogatory to the extent that, in seeking the identity of any individuals with "with knowledge" of any applicable "know your customer" or "know your client" policies or regulations for the period January 1, 2005 to the date of these responses, Plaintiffs seek information that is outside the scope of the claims asserted in the above-caption action and seek to impose upon Deutsche Bank costs and obligations beyond those contemplated by the Rules and which are not proportional to the needs of the case. Based on the foregoing objections, Deutsche Bank will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 4:** Identify all current or former employees of defendant who had knowledge of the SEC Order and the date they first learned of it.

**Response to Interrogatory No. 4:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further objects to this Interrogatory on the ground that the request for the identities of "all current and former employees who had knowledge" of the SEC Order renders it vague, ambiguous, overbroad, and unduly burdensome. Deutsche Bank further objects to this Interrogatory to the extent that, in seeking the identity of any individuals "who had knowledge" of the SEC Order, which is a publicly available document, Plaintiffs seek information that is outside the scope of the claims asserted in the above-caption action and seek to impose upon Deutsche Bank costs and obligations beyond those contemplated by the Rules and which are not proportional to the needs of the case. Deutsche Bank further objects to this Interrogatory because the demand for the date each identified employee learned of the SEC Order is beyond the scope of Local Civil Rule 33.3, which limits interrogatories at the commencement of discovery to "those seeking the names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of

9

damage alleged, and the existence, custodian, location and general description of relevant documents[.]" Based on the foregoing objections, Deutsche Bank will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 5:** Identify all current or former employees of defendant who had knowledge of or any role in providing defendant's agency services for the securities issued by the Biscayne Group of Companies.

    **Response to Interrogatory No. 5:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further objects to this Interrogatory on the ground that the request for the identities of "all current and former employees" with "knowledge of or any role" in the agency services provided to the Biscayne Group of Companies renders it vague, ambiguous, overbroad, and unduly burdensome. Deutsche Bank further objects to this Interrogatory to the extent that, in seeking the identity of "all current or former employees of defendant who had knowledge of or any role in providing defendant's agency services" for all of the Biscayne Group of Companies identified in Schedule 2 for the period January 1, 2005 to the date of these responses, Plaintiffs seek to impose upon Deutsche Bank costs and obligations beyond those contemplated by the Rules and which are not proportional to the needs of the case. Based on the foregoing objections, Deutsche Bank will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 6:** Identify all current or former employees of defendant that communicated with the Biscayne Group of Companies or the BCI Individuals.

**Response to Interrogatory No. 6:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further objects to this Interrogatory on the ground that the request for the identities of "all current and former employees" that "communicated with the Biscayne Group of Companies or the BCI Individuals" renders it overbroad and unduly burdensome. Deutsche Bank further objects to this Interrogatory to the extent that, in seeking the identity of any individuals who "communicated with the Biscayne Group of Companies or the BCI Individuals" for the period January 1, 2005 to the date of these responses, Plaintiffs seek information that is outside the scope of the claims asserted in the above-caption action and seek to impose upon Deutsche Bank costs and obligations beyond those contemplated by the Rules and which are not proportional to the needs of the case. Based on the foregoing objections, Deutsche Bank will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 7:** For each individual named in your response to Interrogatory Number 6, identify which member of the BCI Individuals or representative of the Biscayne Group of Companies they communicated with.

**Response to Interrogatory No. 7:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further repeats and restates its objections to Interrogatory No. 6 in response to this Interrogatory. Deutsche Bank further objects to this Interrogatory to the extent it seeks information that is outside Deutsche Bank's custody and control, and/or seeks the disclosure of information that would result in the violation of any constitutional, statutory, or common law rights of privacy and confidentiality or are confidential or proprietary to Deutsche Bank or a third party (which disclosure may require the permission or

11

consent of the third party).  Based on the foregoing objections, Deutsche Bank will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 8:** For each individual named in your response to Interrogatory Number 6, identify and provide a general description of every means used by that individual to communicate with the Biscayne Group of Companies or the BCI Individuals, including the means of communication, cell phone numbers used, messaging services or apps used, and email addresses used for such communications.

**Response to Interrogatory No. 8:** Deutsche Bank repeats and restates its General Objections to this Interrogatory.  Deutsche Bank further objects to this Interrogatory on the ground that seeking information about "every means used by that individual to communicate with the Biscayne Group of Companies or the BCI Individuals" renders it beyond the scope of Local Civil Rule 33.3, which limits interrogatories at the commencement of discovery to "those seeking the names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents[.]"  Based on the foregoing objections, Deutsche Bank will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 9:** For each individual named in your response to Interrogatory Number 7, identify and provide a general description of every means used by that individual to communicate with defendant, including the means of communication, cell phone numbers used, messaging services or apps used, and email addresses used for such communications.

**Response to Interrogatory No. 9:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further objects to this Interrogatory on the ground that seeking information about "every means used by that individual to communicate with defendant" renders it beyond the scope of Local Civil Rule 33.3, which limits interrogatories at the commencement of discovery to "those seeking the names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents[.]" Based on the foregoing objections, Deutsche Bank will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 10:** Identify the current location of any documents defendant expects to rely upon in defending this action, and if the documents have been moved since October 14, 2020, identify their former location as well.

**Response to Interrogatory No. 10:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further objects to this Interrogatory on the ground that seeking information about "if the documents have been moved since October 14, 2020" and if so "their former location" renders it beyond the scope of Local Civil Rule 33.3, which limits interrogatories at the commencement of discovery to "those seeking the names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents[.]" Subject to and without waiving the foregoing general and specific objections, and based upon a reasonable inquiry, the documents, to the extent they exist, are believed to be located at Deutsche Bank's respective places of business or

at the offices of Cahill Gordon & Reindel LLP at 32 Old Slip, New York, New York 10005, which serves as counsel to Deutsche Bank in the above-captioned action.

**INTERROGATORY NO. 11:** Identify, by title and date, all policies or procedures of defendant applicable to defendant's relationship with or performance of services to the Biscayne Group of Companies.

**Response to Interrogatory No. 11:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further objects to this Interrogatory on the grounds that the request for the identities of "all policies or procedures" that applied to Deutsche Bank's "relationship with or performance of services to the Biscayne Group of Companies" renders it overbroad and unduly burdensome. Deutsche Bank further objects to this Interrogatory to the extent that, in seeking the identity of all applicable policies or procedures to Deutsche Bank's "relationship with or performance of services to the Biscayne Group of Companies" for the period January 1, 2005 to the date of these responses, Plaintiffs seek information that is outside the scope of the claims asserted in the above-caption action and seek to impose upon Deutsche Bank costs and obligations beyond those contemplated by the Rules and which are not proportional to the needs of the case. Deutsche Bank further objects to this Interrogatory on the ground that it is duplicative of Plaintiffs' Request for Production No. 51. Deutsche Bank further objects to this Interrogatory on the ground that, in asking Deutsche Bank to identify the policies or procedures "applicable to defendant's relationship with or performance of services to the Biscayne Group of Companies" it calls for a legal conclusion. Based on the foregoing objections, Deutsche Bank will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 12:** For any policies or procedures identified in your response Interrogatory Number 11, identify any instances in which an aspect of the policy or the procedure was not followed or observed by defendant, or was waived by defendant with respect to the Biscayne Group of Companies.

**Response to Interrogatory No. 12:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further objects to this Interrogatory on the ground that seeking information about "instances in which an aspect of the policy of procedure was not followed or observed by defendant, or was waived by defendant with respect to the Biscayne Group of Companies" renders it beyond the scope of Local Civil Rule 33.3, which limits interrogatories at the commencement of discovery to "those seeking the names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents[.]" Based on the foregoing objections, Deutsche Bank will not provide any information in response to this Interrogatory.

**INTERROGATORY NO. 13:** Identify each person, not already identified in response to a previous interrogatory, who has knowledge about the allegations in the Complaint.

**Response to Interrogatory No. 13:** Deutsche Bank repeats and restates its General Objections to this Interrogatory. Deutsche Bank further objects to this Interrogatory to the extent that, in seeking the identity of each person "who has knowledge about the allegations in the Complaint" for the period January 1, 2005 to the date of these responses, Plaintiffs seek to impose upon Deutsche Bank costs and obligations beyond those contemplated by the Rules and

15

which are not proportional to the needs of the case. Deutsche Bank further objects to this Interrogatory to the extent it seeks information that is outside Deutsche Bank's custody and control, and/or seeks the disclosure of information that would result in the violation of any constitutional, statutory, or common law rights of privacy and confidentiality or are confidential or proprietary to Deutsche Bank or a third party (which disclosure may require the permission or consent of the third party). Based on the foregoing objections, Deutsche Bank will not provide any information in response to this Interrogatory.

Dated: March 19, 2021
      New York, New York

                CAHILL GORDON & REINDEL LLP

                By: */s/ David G. Januszewski*
                David G. Januszewski
                Sesi V. Garimella
                Bonnie E. Trunley
                32 Old Slip
                New York, New York 10005
                Tel: (212) 701-3000
                Fax: (212) 269-5420

                *Attorneys for Defendant Deutsche Bank AG*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on March 19, 2021 the foregoing document was served via email on all counsel of record.

      Jeffrey Eric Gross
      Jordan Louis Vimont, Sr.
      Phillip Jason Collins
      Vincenzo Andrews Novelli
      jgross@rctlegal.com
      jvimont@rctlegal.com
      jcollins@rctlegal.com
      vnovelli@rctlegal.com

                                                      By: /s/ David G. Januszewski
                                                              David G. Januszewski