UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARTIN NICHOLAS JOHN TROTT
and CHRISTOPHER JAMES SMITH,
on behalf of and solely in their capacity
as the Foreign Representatives and Joint
Official Liquidators of MADISON
ASSET LLC (IN LIQUIDATION),

                    Plaintiffs,

    -against-

DEUTSCHE BANK AG,

                    Defendant.
-------------------------------------------------------X

Case No. 1:20-cv-10299-MKV

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/14/2022

## CONSENT MOTION TO RELIEVE PLAINTIFFS OF THE OBLIGATION TO ANSWER DEFENDANT'S COUNTERCLAIM

Plaintiffs, the JOLs,[1] pursuant to Local Rule 7.1(D), file this Consent Motion to Relieve Plaintiffs of the Obligation to Answer Defendant's Counterclaim. In support of this Motion, Plaintiffs state as follows:

1. On May 20, 2022, Defendant filed its Answer, Defenses, and Counterclaim to the JOLs' Second Amended Complaint asserting a counterclaim for indemnity. Doc. 63. The JOLs' deadline to respond, which is June 10, 2022, has not yet passed.

2. Plaintiffs are the joint official liquidators of Madison Asset LLC. There is a Chapter 15 bankruptcy case pending relating to Madison, *In re Madison Asset LLC,* Case No. 18-12814 (MEW) "the Chapter 15 proceeding").

3. It is the JOLs' contention that Defendant's assertion of a counterclaim against Madison violates the automatic stay imposed by the entry of the Order granting recognition of

---

[1] Capitalized terms used here have the same meaning as defined in the Second Amended Complaint, Doc. 36, filed May 19, 2021.

Madison's foreign liquidation proceedings in the Chapter 15 proceeding, and thus is either void and of no effect or must be withdrawn. *See In re Best Payphones, Inc.*, 279 B.R. 92, 97 (Bankr. SDNY 2002) (quoting *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir.1994)) ("'[A]ny proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect.'"); *see also Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982) ("Actions taken in violation of the automatic stay are void and without effect.").

4. Defendant has informed the JOLs that they do not believe the counterclaim violates the automatic stay in connection with the Chapter 15 proceeding. Defendant intends to seek a declaratory judgment from the bankruptcy court to that effect or, in the alternative, an order lifting the stay for the purpose of allowing Defendant to assert its counterclaim against Madison. In the interim, Defendant agrees that no answer is required with respect to the counterclaim.

5. The Parties further agree to update and inform this Court as soon as there is any ruling from the bankruptcy court on Defendant's anticipated motion.

6. Based on this agreement, and for good cause, Plaintiffs respectfully request that the Court grant this consent motion and relieve the JOLs of the obligation to answer Defendant's counterclaim.

7. A proposed Order is attached for the Court's consideration.

    Respectfully submitted,

    */s/ Jeffrey E. Gross*
    William T. Reid, IV
    Jeffrey E. Gross
    Vincenzo Novelli
    330 West 58th Street, Suite 403
    New York, NY 10019
    Tel.: 212.344.5200

wreid@reidcollins.com
jgross@reidcollins.com
vnovelli@reidcollins.com

Joshua J. Bruckerhoff (*pro hac vice*)
Jordan L. Vimont, Sr. (*pro hac vice*)
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel.: 512.647.6100
jbruckerhoff@reidcollins.com
jvimont@reidcollins.com

*Counsel to Plaintiffs*

**Plaintiffs Martin Nicholas John Trott and Christopher James Smith, solely in their capacity as the Foreign Representatives and Joint Official Liquidators of Madison Asset LLC filed a Chapter 15 Petition for Recognition of a Foreign Proceeding in the United States Bankruptcy Court for the Southern District of New York, which was granted by the Bankruptcy Court as a foreign main proceeding.  *See* Order Granting Recognition, Dkt. No. 15, *In re Madison Asset, LLC*, No. 18-12814 (MEW) (Bankr. S.D.N.Y. Oct. 16, 2018).   Pursuant to Chapter 15, upon main recognition of a foreign proceeding, the automatic stay of section 362 is applicable to all property of the debtor and stays all litigation against it unless the Bankruptcy Court modifies the automatic stay.  *See* 11 U.S.C. § 1520(a)(1); *City Ins. Co. v. Mego Int'l, Inc.*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).**

**Accordingly, because of the automatic stay, Plaintiffs need not answer or otherwise respond to Defendant's counterclaims pending resolution of Defendant's anticipated motion for declaratory judgment or, alternatively, relief from the automatic stay entered by the United States Bankruptcy Court for the Southern District of New York in the case of In re Madison Asset LLC, Case No. 18-12814 (MEW) ("In re Madison").  The parties shall promptly notify the Court of any order related to Defendant's anticipated motion in In re Madison.**

**SO ORDERED.**

Date: 6/14/2022
New York, New York

*/s/ Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2022, the foregoing Consent Motion to Relieve Plaintiffs of the Obligation to Answer Defendant's Counterclaim was served on counsel for Defendant using the Court's CM/ECF system.

>                                     */s/ Jeffrey E. Gross*
>                                     Jeffrey E. Gross