USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

MARTIN NICHOLAS JOHN TROTT
and CHRISTOPHER JAMES SMITH,
on behalf of and solely in their capacity
as the Foreign Representatives and Joint
Official Liquidators of MADISON
ASSET LLC (IN LIQUIDATION),

                     Plaintiffs,

    -against-


DEUTSCHE BANK AG,



                     Defendant.

-------------------------------------------------------X

Case No. 1:20-cv-10299-MKV

## AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

      This AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER (the "Agreement"), dated as of July [_], 2022, is entered into by and among Martin Nicholas John Trott and Christopher James Smith, in their capacity as the Joint Official Liquidators (the "JOLs") of Madison Asset LLC (in Official Liquidation) (the "Company") and as Plaintiffs in the above referenced action (the "SDNY Action"), and Deutsche Bank AG as Defendant in the SDNY Action ("Deutsche Bank"). Each of the JOLs and Deutsche Bank are referred to in this Agreement individually as a "Party" and collectively as the "Parties." The Parties stipulate and agree as follows:

      1.     For purposes of this Agreement, the term "Confidential Information" means proprietary and confidential nonpublic documents, information, or other materials produced by a Party or non-party, that are designated by that Party or non-party as being "Confidential." Further, the term "Highly Confidential Information" includes "Personal Data," i.e., any information that a Party or non-party believes in good faith to be subject to federal, state, or foreign data protection laws or other privacy obligations. Personal Data constitutes materials requiring special protection.

Any Party or non-party that produces Confidential Information or Highly Confidential Information in response to a request for documents or a subpoena is a "<u>Producing Party</u>." Nothing in this paragraph shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Personal Data." Any Party that receives Confidential Information or Highly Confidential Information from a Producing Party, including third parties to this SDNY Action, is a "<u>Non-Producing Party</u>."

The terms Confidential Information or Highly Confidential Information do not include information that (i) is or becomes publicly available other than as a result of a breach of this Agreement by a Non-Producing Party; (ii) a Non-Producing Party independently develops without using Confidential Information or Highly Confidential Information; (iii) is or becomes available to a Non-Producing Party from a source other than the Producing Party; or (iv) is determined by this Court not to be Confidential Information or Highly Confidential Information. Any prior production by Deutsche Bank to the JOLs before the filing of the SDNY Action shall not be subject to the Agreement, but shall remain subject to the January 4, 2019 Confidentiality Agreement in the chapter 15 case captioned *In re Madison Asset LLC*, Case No. 18-12814 (Bankr. S.D.N.Y.).

2. Any Producing Party may, subject to the provisions of this Agreement, designate as "Confidential" or "Highly Confidential" any documents that it in good faith considers to constitute Confidential Information or Highly Confidential Information. To designate documents as "Confidential" or "Highly Confidential," a Producing Party shall stamp such documents with a "Confidential" or "Highly Confidential" marking, or specify in writing at the time of production the documents or pages of documents that it designates as "Confidential" or "Highly Confidential." If a Non-Producing Party objects to any designation of Confidential Information or Highly Confidential Information, that Non-Producing Party first shall raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute relative thereto. If the Parties and any relevant non-parties cannot reach agreement promptly, counsel for all affected Parties and any relevant non-parties will address their dispute to this Court in accordance with Rule 3(D) of this Court's Individual Rules of Practice in Civil Cases or to the Court in which a motion to quash a subpoena was filed.

3. The Parties shall use Confidential Information or Highly Confidential Information solely in connection with this action, including any appeals with respect thereto and the enforcement of any subpoenas arising therefrom. The Parties shall keep Confidential Information or Highly Confidential Information confidential and will not (unless required by applicable law, rule, regulation, authority, or legal process, subject to the requirements of paragraph 7 below), without the Producing Party's prior written consent, disclose such materials, except as provided for by this Agreement.

4. Unless otherwise permitted by the Producing Party in writing or as provided in this Agreement, Confidential Information may be disclosed only to:

i. the Parties to this action, their in-house counsel, their insurers, and counsel to their insurers;

ii. legal counsel for the Parties retained specifically for this action, and legal assistants, staff, and outside copying or litigation support service providers working at the direction of such counsel;

iii. outside vendors or service providers (such as copy-service providers and document-management consultants) that assist the Parties or their counsel in this matter;

iv. experts and consultants retained by the Parties or their counsel that acknowledge and agree in writing to be bound to the terms of this Confidentiality Agreement prior to the disclosure of any Confidential Information thereto;

v. the liquidation committee appointed in the official liquidation proceedings for Madison Asset LLC in the Cayman Islands (the "Cayman Proceeding"), its members, and their counsel that acknowledge and agree in writing to be bound to the terms of this Confidentiality Agreement prior to the disclosure of any Confidential Information thereto;

vi. any third party with whom the JOLs are engaged regarding the funding of the JOLs' costs and expenses, provided that the third party acknowledge and agree in writing to be bound to the terms of this Confidentiality Agreement prior to the disclosure of any Confidential Information thereto;

vii. the Court, as well as any other court presiding over a matter related to the enforcement of a subpoena issued in the SDNY Action, including any appellate court, Magistrate Judge, support personnel, and court reporters;

viii. any person from whom deposition or trial testimony is taken or may be taken, or such person's counsel, but only to the extent such disclosure occurs in preparation for and/or during such contemplated deposition, hearing, or trial, provided that such person acknowledge and agree in writing to be bound to the terms of this Confidentiality Agreement prior to the disclosure of any Confidential Information thereto;

ix. stenographers engaged to transcribe depositions the Parties conduct in this action;

x. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided that such person acknowledge and agree in writing to be bound to the terms of this Confidentiality Agreement prior to the disclosure of any Confidential Information thereto;

xi. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; and

xii. any mediator, arbitrator, or special discovery master that the Parties engage in this matter or in a matter related to the enforcement of a subpoena issued in this matter, that this Court appoints in relation to this action, or that another court appoints in a matter related to the enforcement of a subpoena issued in this matter, provided that that person acknowledge and agree in writing to be bound to the terms of this Confidentiality Agreement prior to the disclosure of any Confidential Information thereto.

5. Notwithstanding anything herein to the contrary, the JOLs shall not be prohibited from using the Confidential Information or Highly Confidential Information for the purpose of updating the Grand Court of the Cayman Islands as to the progress of the SDNY Action and adjudicating proofs of debt in the liquidation, or in the event of any dispute with a creditor or purported creditor in relation to entitlement to be paid out of Madison's assets, provided, however, that the JOLs first seek an order that any evidence containing such information shall be sealed and kept confidential in accordance with Order 24 of the Cayman Companies Winding Up Rules.

6. All notices to the Parties required or permitted under this Agreement shall be in writing and shall become effective when delivered by facsimile transmission, electronic mail, overnight courier service, or hand delivery, addressed as follows or to such other addresses as may be thereafter designated in writing by such Party to the other Party or relevant non-party:

> If to Deutsche Bank:
>
> Cahill Gordon & Reindel LLP
> 32 Old Slip
> New York, NY 10005
> Attn: David G. Januszewski
> Email: djanuszewski@cahill.com
>
> If to the JOLs:
>
> Reid Collins & Tsai LLP
> 1301 S. Capital of Texas Hwy
> Austin, Texas 78746
> Attn: Jeffrey E. Gross
> Email: jgross@reidcollins.com
>
> If to a Producing Party that is not a Party:
>
> To that Producing Party's counsel of record.

7. All Non-Producing Parties shall take reasonable steps to safeguard Confidential Information or Highly Confidential Information against disclosure (other than as permitted by this Agreement). If the Non-Producing Parties or their counsel become subject to any discovery obligation or request (including, without limitation, document requests, subpoenas, civil investigative demands, court orders, governmental or administrative orders or requests, or other process) requiring or seeking production of, or testimony about, or to otherwise require the Non-Producing Parties or their counsel to disclose Confidential Information or Highly Confidential information not otherwise permitted hereunder, the Non-Producing Parties shall provide written notice of such discovery obligation or request (unless such notice is prohibited by applicable law) to the Producing Party pursuant to the notice provisions set forth herein promptly upon receiving notice thereof, so that the Producing Party may seek an appropriate protective order or other appropriate relief. In the absence of a protective order, the Non-Producing Parties shall be permitted to disclose only that portion of the Confidential Information or Highly Confidential Information that the Non-Producing Parties are advised by the Non-Producing Parties' counsel is

legally required to be disclosed. Nothing in this Agreement shall require the Non-Producing Parties or their counsel to refuse to obey any order by a court or tribunal that has not been stayed.

8. The production of privileged or work-product protected documents, electronically stored information, or information ("Protected Information"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Agreement is entered pursuant to Rule 502(d) of the Federal Rules of Evidence and shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Subject to the provisions of this Agreement, if the Producing Party discloses Protected Information, the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

9. Nothing in this Agreement shall be construed to limit in any way a Producing Party's use of its own Confidential Information or Highly Confidential Information.

10. Nothing contained in this Agreement (i) is intended to be, or shall be deemed to be, an admission on the part of the Non-Producing Parties that any documents or materials are Confidential or Highly Confidential Materials or are entitled to the designation of "Confidential" or "Highly Confidential"; or (ii) shall be construed to affect the admissibility into evidence of any documents, information, or other materials.

11. This Agreement contains the entire agreement between the Parties with respect to the subject matter thereto, and except as provided herein, no modifications of this Agreement or waiver of the terms and conditions hereof will be binding upon the Parties, unless approved in writing by each of the Parties.

12. This Agreement is governed by the laws of the State of New York without regard to its conflict-of-laws rules.

13. This Agreement may be signed in counterparts, each of which when executed shall be deemed to be an original and all of which together shall constitute a single instrument binding upon the Parties. Delivery of an executed signature page to this Agreement by facsimile transmission or by electronic mail shall constitute effective execution and delivery of this Agreement and may be used in lieu of the original Agreement for all purposes.

SO STIPULATED AND AGREED

Dated: New York, New York

July 14, 2022

| | |
|---|---|
| REID COLLINS & TSAI LLP | CAHILL GORDON & REINDEL LLP |
| By: */s/ Jeffrey E. Gross* | By: */s/ Sesi V. Garimella* |
| William T. Reid, IV<br>Jeffrey E. Gross<br>Vincenzo Novelli<br>Woodworth B. Winmill<br>330 West 58th Street, Suite 403<br>New York, NY 10019<br>Tel.: 212.344.5200<br>wreid@reidcollins.com<br>jgross@reidcollins.com<br>vnovelli@reidcollins.com<br>wwinmill@reidcollins.com<br><br>Josh Bruckerhoff (*pro hac vice*)<br>Jordan L. Vimont, Sr. (*pro hac vice*)<br>1301 S. Capital of Texas Hwy<br>Building C, Suite 300<br>Austin, Texas 78746<br>Tel.: 512.647.6100<br>jbruckerhoff@reidcollins.com<br>jvimont@reidcollins.com<br><br>*Counsel for Plaintiffs* | David G. Januszewski<br>Sesi V. Garimella<br>32 Old Slip<br>New York, NY 10005<br>Tel.: 212.701.3000<br>djanuszewski@cahill.com<br>sgarimella@cahill.com<br><br>*Counsel for Defendant* |

SO ORDERED.

Dated: July 14, 2022

_____
Mary Kay Vyskocil
United States District Judge

6