USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/2/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARTIN NICHOLAS JOHN TROTT and CHRISTOPHER JAMES SMITH, on behalf of and solely in their capacity as the Foreign Representatives and Joint Official Liquidators of MADISON ASSET LLC (IN LIQUIDATION),

                          Plaintiffs,

v.

DEUTSCHE BANK AG,

                          Defendant.

1:20-cv-10299 (MKV)

**(PROPOSED) CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

---

    Mary Kay Vyskocil, United States District Judge

    This proposed Civil Case Management Plan is submitted by the parties in accordance with Federal Rule of Civil Procedure 23 (f) (3):

1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

    The parties are free to withhold consent without adverse substantive consequences. The Parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

2. This case **is** to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

**DISCOVERY**   **During the initial pre-trial conference, the Court advised the parties that, absent exceptional circumstances, the Court will not further extend this discovery deadline.**

4. All fact discovery shall be completed no later than February 28, 2023, except as provided in paragraph 5(e) of this Order.

5. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 4 above:

    a. May 20, 2022: Date by which Plaintiffs will serve responses and objections to Defendant's discovery requests.

    b. May 25, 2022: Date by which Parties will agree on final set of search terms, custodians, and date range, or notify the other party that they will raise a dispute regarding such issues with the Court.

    c. September 14, 2022: Date by which Parties will complete production of documents with search term hits for the agreed custodians and date range; document productions substantially complete pending completion of privilege logs.

    d. October 14, 2022: Date by which Parties will complete production of categorical privilege logs; Parties to serve any requests to admit by this date.

    e. January 31, 2023: Date by which Parties will complete depositions of all fact witnesses, except that the deposition of any individual who has pleaded guilty or been convicted of a crime in connection with the subject of this lawsuit may be conducted after January 31, 2023.

6. <u>Expert Discovery</u>

    a. All expert discovery shall be completed no later than ~~May 15, 2023.~~ **April 15, 2023**

    b. No later than thirty (30) days prior to the date in paragraph 4, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 6(a).

7. In the case of discovery disputes, the parties should follow Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. In the event the Parties are unable to resolve the dispute through the meet and confer process, the Parties may file a joint letter on ECF, no longer than four pages, explaining the nature of the dispute and setting forth the position of each party with respect to the disputed issue, and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. Discovery disputes must be raised with the Court in sufficient time to obtain a ruling and any further discovery that is ordered in advance of the discovery cutoff.

8. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practice Rules.

9. All counsel have met face-to-face for at least one hour to discuss settlement and the use of alternate dispute resolution within fourteen (14) days after the filing of a responsive pleading.

10. The parties have discussed settlement and the use of alternate dispute resolution.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is:  2 weeks.

    **During the initial pre-trial conference, the Court advised the parties that their estimate for the length of a potential trial in this matter is unreasonably long and the parties need to plan accordingly.**

-------------------------------------------------------------------------------------------------------------------

*TO BE COMPLETED BY COURT:*

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

  **Status**

12. A ~~Post-Discovery~~ Conference is scheduled for __November 22, 2022__   at **10:30 AM** in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

    One week before the conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

    a. a statement of any existing deadlines, due dates, and/or cut-off dates;
    b. a brief description of any outstanding motions;
    c. a brief description of the discovery and undertaken if either party believes any additional discovery that needs to be completed;
    d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;
    e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;
    f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (*see* Individual Practice Rules ¶4(A)(i));
    g. any other issue that the parties would like to address at the conference; and

      h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

If no SJ motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 5) shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended. Failure to comply with the deadlines set forth herein may result in sanctions, including preclusion at trial of information not provided or dismissal of claims or defenses.**

                                                      */s/ Mary Kay Vyskocil*
                                                      Mary Kay Vyskocil
                                                   United States District Judge

Dated: August 2, 2022
       New York, New York