UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Martin Nicholas John Trott et al., | |
| Plaintiffs, | 20 Civ. 10299 (DEH) |
| v. | **OPINION** |
| Deutsche Bank, AG, | **AND ORDER** |
| Defendant. | |

DALE E. HO, United States District Judge:

The parties in this case are Plaintiffs Martin Nicholas John Trott and Christopher James Smith ("Plaintiffs" or the "Joint Liquidators") and Defendant Deutsche Bank AG ("Deutsche Bank" or "Defendant"). Before the Court are eight motions to redact and/or seal materials and exhibits associated with other motions currently pending before this Court—five sealing motions by Deutsche Bank and three temporary sealing motions by the Joint Liquidators. *See* ECF Nos. 141, 164, 171, 172, 174, 175, 192, and 196. For the reasons discussed herein, the Court rules as follows with respect to the five sealing motions filed by Deutsche Bank:

- Deutsche Bank's Motion to Redact and Seal Documents and Exhibits Related to the Parties' Cross-Motions for Summary Judgment, Rule 56.1 Statements, and its Daubert Motion (ECF No. 141) is **GRANTED IN PART AND DENIED IN PART**.

- Deutsche Bank's Motion to Redact and Seal Exhibits Related to the Joint Liquidators' Opposition to its Daubert Motion (ECF No. 172) is **DENIED**.

- Deutsche Bank's Motion to Redact and Seal Documents and Exhibits Related to its Rule 56.1 Statement and Daubert Reply (ECF No. 174) is **DENIED**.

- Deutsche Bank's Motion to Redact and Seal Documents and Exhibits Related to the Joint Liquidators' Summary Judgment Reply (ECF No. 192) is **DENIED**.

- Deutsche Bank's Motion to Redact and Seal Documents and Exhibits Related to its Reply Memorandum of Law in Further Support of its Motion for Summary Judgment (ECF No. 196) is **DENIED**.

The three motions filed by the Joint Liquidators (ECF Nos. 164, 171, and 175) are for temporary sealing of documents that Deutsche Bank seeks to have permanently sealed. Specifically, the Joint Liquidators' motions at ECF Nos. 164 and 171 correspond to Deutsche Bank's motion at ECF No. 172; and their motion at ECF No. 175 corresponds to Deutsche Bank's motion at ECF No. 192. Because these motions seek temporary sealing only, and because the Court directs that the subject documents shall remain under temporary seal for a limited period to permit Deutsche Bank to renew their sealing requests, the Joint Liquidators' various motions for temporary sealing are **GRANTED.**

## BACKGROUND

The Court assumes familiarity with the general facts of this case as set forth in a previous opinion denying Deutsche Bank's motion to dismiss. *See Trott v. Deutsche Bank AG*, No. 20 Civ. 10299, 2022 WL 951109, at *1-4 (S.D.N.Y. Mar. 30, 2022) (Vyskocil, J.).[1] Relevant here, during the course of this litigation, the parties have filed various motions currently pending before this Court, including two cross-motions for summary judgment, *see* ECF Nos. 142, 145, and Deutsche Bank's Motion to Exclude the Testimony of Proffered Experts Maria M. Yip and Joseph P. Belanger (the "*Daubert* Motion"), *see* ECF No. 156. Deutsche Bank has also submitted to this Court several requests to redact and/or seal numerous materials and exhibits submitted in connection with the summary judgment and *Daubert* motions, which the Joint Liquidators oppose.[2] The Court now considers each redaction and sealing request in turn.

---

[1] On October 13, 2023, this suit was reassigned to the undersigned.

[2] As noted, per Deutsche Bank's request, the Joint Liquidators have nevertheless filed several letter motions seeking to *temporarily* redact or seal materials and exhibits submitted in connection with the summary judgment and *Daubert* motions pending the Court's resolution of any such outstanding requests. *See, e.g.*, ECF Nos. 164, 171, and 175.

## LEGAL STANDARDS

The Court applies a three-part inquiry to determine whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).[3]  First, a court determines whether a document is a "judicial document," subject to a presumptive public right of access. *See id.* at 87. A judicial document is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

Second, a court determines the weight of the presumption that attaches to the document, looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Olson*, 29 F.4th at 87-88.  "The presumption of public access exists along a continuum.  The strongest presumption attaches where the documents determine litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties." *Id.* at 89.  However, documents do not "receive different weights of presumption based on the extent to which they [are] relied upon in resolving the motion." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006).

"Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson*, 29 F.4th at 88.  "[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.  Competing considerations may include the protection of "sensitive

---

[3] All references to Rules are to the Federal Rules of Civil Procedure.  In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

business information," the release of which could cause a litigant "competitive harm." *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022). "A further countervailing consideration is the privacy interests of innocent third parties which should weigh heavily in a court's balancing equation." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Misc. 2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, 2023 WL 3966703 (S.D.N.Y. June 13, 2023) (citing *Application of Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990)). The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

## DISCUSSION

Here, there is no doubt that the documents and exhibits at issue are judicial documents "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Thus, the presumption of public access attaches to all the documents and exhibits discussed herein. *Lugosch*, 435 F.3d at 123. Second, the presumption of public access is especially strong here because the documents and exhibits were filed in connection with dispositive motions, namely the parties' cross-motions for summary judgment (or in connection with *Daubert* motions, which were, in turn, filed in relation to the parties' summary judgment motions). *See Olson*, 29 F.4th at 90. Moreover, "[d]istrict courts in this Circuit have also found that a presumption of access attaches to *Daubert* motions." *See Dawson v. Merck & Co.*, No. 12 Civ. 1876, 2021 WL 242148, at *3 (E.D.N.Y. Jan. 24, 2021) (citing *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 512 (S.D.N.Y. 2015) and *Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 221 (S.D.N.Y. 2019)); *see also In re Keurig*, 2023 WL 196134, at *3 (citing *In re Zimmer M/L Taper Hip Prosthesis*, No. 18 Misc. 2859, 2021 WL 4706119 (S.D.N.Y. Oct. 8, 2021)) ("A significant presumption of access

4

also exists for filings related to *Daubert* motions."). The Court's decision with respect to all the documents and exhibits discussed herein therefore turns on the third *Olson* factor.[4]

**I.    Deutsche Bank's Motion to Redact and Seal Documents and Exhibits Related to the Parties' Cross-Motions for Summary Judgment, Rule 56.1 Statements, and its *Daubert* Motion (ECF No. 141)**

**A.    Exhibits Related to Deutsche Bank's Motion for Summary Judgment**

Deutsche Bank seeks to redact or seal Exhibits 3, 4, 6, 8, 9, 11, 12, 30, 32, 35, and 36[5] accompanying the Declaration of Sheila C. Ramesh in Support of its Motion for Summary Judgment. *See* ECF No. 151; ECF No. 141, App. A. For the reasons below, Deutsche Bank's request to redact or seal is **GRANTED** as to Exhibits 3 (ECF No. 151-3) and 32 (ECF No. 151-33) but is **DENIED** as to all the other enumerated exhibits.

**1.    The "Confidential Business Strategy Information" Justification**

The Court first considers Deutsche Bank's request to file certain exhibits under seal because they purportedly contain "confidential business strategy information"—namely, Exhibits 4, 6, 8, 9, 11, 12, 30, 35, and 36. *See* ECF No. 141, App. A at 5-6. More specifically, Deutsche Bank argues the exhibits contain its "proprietary, confidential, and commercially sensitive

---

[4] Throughout the various motions to seal discussed herein, Deutsche Bank refers to the fact that some of the information it seeks to redact or seal "is comprised of, or refers to, documents or testimony that has been designated 'Confidential' or 'Highly Confidential,'" *see* ECF No. 141, pursuant to a Protective Order entered by this Court, *see* ECF No. 74. However, the fact that a document is confidential or otherwise subject to a protective order is insufficient to justify sealing. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Misc. 2542, 2023 WL 196134, at *54 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, 2023 WL 3966703 (S.D.N.Y. June 13, 2023) ("[T]he existence of a protective order covering a document is not, in and of itself, sufficient grounds to seal or redact that document. That a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document.") (citing *Doe v. U.S. Immigr. & Customs Enf't*, No. 19 Civ. 8892, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021)).

[5] ECF Nos. 151-3, 151-4, 151-6, 151-8, 151-9, 151-11, 151-12, 151-31, 151-33, 151-36, 151-37.

information," such as "information related to [its] . . . custody business, including business strategy, the processing of transactions, and maintenance and structure of customer accounts, which is competitively sensitive information."  ECF No. 141 at 2.  The Joint Liquidators counter that Deutsche Bank's "broad-brush assertion of a competitive interest fails" because it "has provided no factual support" for its claim that the disclosure of the information contained in these exhibits "could cause it competitive harm."  ECF No. 163 at 3.

> ### a.    Exhibits 12, 30, 35, and 36

Deutsche Bank's request to seal Exhibits 12, 30, 35,[6] and 36 is **DENIED**.  Deutsche Bank "has not proffered any meaningful harm that would result from the public disclosure" of the information in these exhibits.  *Optionality Consulting PTE. LTD. v. Edge Tech. Grp. LLC*, No. 18 Civ. 5393, 2024 WL 1464660, at *2 (S.D.N.Y Apr. 4, 2024).  Indeed, Deutsche Bank's conclusory assertions that the information contained therein is "proprietary, confidential, and commercially sensitive," *see* ECF No. 141 at 2, are "insufficient to overcome the strong presumption of the public's right to access this information," *Optionality Consulting PTE. LTD.*, 2024 WL 1464660, at *2 (citing *In re Keurig*, 2023 WL 196134, at *7).

Even if Deutsche Bank had articulated some concrete harm that might result from disclosure of these materials, the request is clearly overbroad.  For instance, Deutsche Bank proposes no redactions to Exhibit 12, which contains the sixty-seven-page report of Joseph P. Belanger, who is one of the Joint Liquidators' experts.  Instead, Deutsche Bank seeks to seal the entire expert report without providing any explanation as to how all the information contained in it would cause competitive harm if disclosed.  *See id.* ("Despite requesting the sealing of dozens of documents, including the wholesale sealing of expert reports prepared for this litigation,

---

[6] Portions of this exhibit that are already redacted for privilege pursuant to Deutsche Bank's October 14, 2022 Privilege Log.  *See* ECF No. 119, Ex. D.

Plaintiff does not offer explanations for their proposed sealing on a document-by-document basis."). Likewise, Exhibits 30, 35,[7] and 36 each consist of multi-page email chains that, upon review, contain at least some information that "does not appear to be the kind of proprietary business information that needs to be kept confidential." *Sigma Lithium Corp. v. Gardner*, No. 23 Civ. 7403, 2025 WL 966790, at *2 (S.D.N.Y. Mar. 31, 2025). Deutsche Bank's sealing request is not tailored at all, let alone narrowly tailored to protect the interest it invokes here. *See Lugosch*, 435 F.3d at 126. Accordingly, given the overbreadth of its request, Deutsche Bank's sealing request with respect to Exhibits 12, 30, 35, and 36 is **DENIED**.

####  b.    *Exhibits 4, 6, 8, 9, and 11*

Deutsche Bank's request to seal Exhibits 4, 6, 8, 9, and 11 is **DENIED**. These exhibits contain excerpts from the depositions of five witnesses—Paul Bishop, Scott Habura, Don Linford, Douglas Sloan, and Floris Vreedenburgh. *See* ECF No. 141, App. A at 5. As an initial matter, the majority of the information Deutsche Bank seeks to seal in these exhibits appears to be publicly available already. In their opposition to Deutsche Bank's sealing request, the Joint Liquidators assert that four of these five witnesses "all testified in open court [during the eight-day trial] in *Pearson*," a case brought by Cayman Liquidators against Deutsche Bank in the Southern District of Florida stemming from the same Ponzi scheme on which this case is based. ECF No. 163 at 1; *see Pearson v. Deutsche Bank AG*, No. 21 Civ. 22437, 2023 WL 2610271 (S.D. Fla. Mar. 23, 2023).[8] Deutsche Bank does not attempt to distinguish the information it seeks to seal here from

---

[7] Defendant also argues Exhibit 35 should be filed under seal because it contains "sensitive non-party information." ECF No. 141, App. A at 6. To the extent that Exhibit 35 contains names, contact information, and/or other personally identifying information of non-parties, that information may be redacted without requiring the entire document to be placed under seal.

[8] The Joint Liquidators, citing the trial transcript in *Pearson*, argue that there is "substantial overlap in evidence in the two cases" and that "Deutsche Bank's policies and internal controls and how they were or were not applied to the Madison account were already aired publicly in *Pearson*." ECF No. 163 at 1-2. In fact, the topics already covered in the expert testimony in that case include

that which was revealed in *Pearson*.  "The Second Circuit has noted that a court lacks power to seal information that . . . has been publicly revealed."  *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)).  Indeed, this "is generally so when information that is supposed to be confidential . . . is publicly disclosed.  Once it is public, it necessarily remains public."  *Id.*  Accordingly, denial of Deutsche Bank's request to seal these documents wholesale is appropriate on this basis.

But there is another, independent ground for denying this request: Deutsche Bank's justification for sealing these materials is insufficient.  It asserts that these materials contain "confidential business strategy information."  ECF No. 141, App. A at 5.  But while "[t]he need to protect sensitive commercial information from disclosure to competitors seeking an advantage may be an interest meriting sealing," *In re Keurig*, 2023 WL 196134, at *3, "broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the [sealing] test," *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17 Civ. 7417, 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017).  Indeed, upon review, at least some of the information in the exhibits merely describes custody banking services generally, which is clearly not the type of sensitive information that would cause competitive harm if disclosed.  At a minimum, this request is far from narrowly tailored.  Accordingly, Deutsche Bank's request to seal Exhibits 4, 6, 8, 9, and 11 is **DENIED**.

---

(1) "whether Deutsche Bank acted as an ordinarily careful bank in opening custody accounts and subaccounts at the request of Madison," (2) "whether Deutsche Bank acted as an ordinarily careful bank by neither imposing effective controls nor terminating . . . those accounts," and (3) "whether Deutsche Bank's failure to act as an ordinarily careful bank facilitated the continuation and coverup of the fraud."  *Id.* at 1.  Notably, Deutsche Bank does not attempt to address whether the information it seeks to seal here was already revealed in *Pearson*.

2.    The "Cooperation with Law Enforcement" and "Sensitive Non-Party Information" Justifications

Deutsche Bank proposes redactions to Exhibit 3, containing "Exhibit F to the Declaration of Doug Sloan." *See* ECF No. 141, App. A at 5.  In addition to containing "[i]nformation related to [its] cooperation with law enforcement investigations," Deutsche Bank argues Exhibit 3 should be redacted because it contains "sensitive non-party information." *See id.*  The email chain contained in Exhibit F indicates that the government subpoenaed Deutsche Bank for information regarding the wire transfers of certain Deutsche Bank clients and proceeds to list the names of those clients.  ECF No. 151, Ex. 3.  Deutsche Bank seeks to redact only the names of the clients listed in the email, none of whom are parties to this action.  *Id.*  Pursuant to this Court's Individual Rules, information regarding an individual's cooperation with the government may be redacted without Court approval.  *See* Individual Rule 6(b).  Moreover, the privacy interests of third parties, implicated here, "weigh heavily in a court's balancing equation."  *Application of Newsday, Inc.*, 895 F.2d at 79-80.  For these reasons, the Court concludes that the redactions sought here are narrowly tailored and outweigh the public's presumption of access.  Thus, Deutsche Bank's request to maintain its proposed redactions to Exhibit 3 is **GRANTED**.

Deutsche Bank additionally proposes sealing Exhibit 32 in its entirety.  *See* ECF No. 141, App. A at 6.  Exhibit 32 consists of a short email chain pertaining to Deutsche Bank's cooperation with law enforcement pursuant to a subpoena seeking information about several Deutsche Bank clients.  Because this category of information may be filed under seal without Court approval, *see* Individual Rule 6(b), Deutsche Bank's request to seal Exhibit 32 is **GRANTED**.

**B.    Exhibits Related to Deutsche Bank's *Daubert* Motion**

Deutsche Bank also seeks to redact or seal Exhibits 2, 3, 4, 5, 6, and 7[9] accompanying the

Declaration of Sheila C. Ramesh in Support of Deutsche Bank's *Daubert* Motion.  *See* ECF No.

159; ECF No. 141, App. A at 6-7.  For the reasons discussed below, Deutsche Bank's request as

to these exhibits is **DENIED**.

> 1.    The "Confidential Business Strategy Information" Justification

> *a.    Exhibits 2, 3, 4, and 5*

Due to its overbreadth, Deutsche Bank's request to seal Exhibits 2, 3, 4, and 5 in their

entirety is **DENIED**.  *See* ECF No. 141, App. A at 6-7.  These four exhibits consist of (1) the

"Response Report of Maria M. Yip;" (2) the "Rebuttal Report of David Alfaro;" (3) the "Reply

Report of David Alfaro;" and (4) the "Expert Report of Joseph P. Belanger."  *Id.*  Again, Deutsche

Bank fails to provide any justification for sealing these expert reports in their entirety beyond the

fact that they contain "confidential business strategy information."  *Id.*  And again, these

voluminous reports contain information that is not proprietary, including information pertaining

to the experience and qualifications of the experts.  *See AngioDynamics, Inc. v. C.R. Bard, Inc.*,

No. 17 Civ 598, 2021 WL 776701, at *9 (N.D.N.Y. Mar. 1, 2021) ("[T]he parties may not file

their expert reports wholly under seal, given that these reports appear to contain a significant

amount of information that cannot meet the *Lugosch* standard, including (but not limited to) the

experts' qualifications and backgrounds . . . .").  Therefore, because it is not narrowly tailored, the

Court declines to grant Deutsche Bank's request with respect to Exhibits 2, 3, 4, and 5.

---

[9] ECF Nos. 159-3, 159-4, 159-5, 159-6, 159-7, and 159-8.

b.      *Exhibits 6 and 7*

Deutsche Bank also proposes redactions to Exhibit 6, the May 8, 2023 Deposition Transcript of Maria Yip, and proposes to file under seal excerpts of Exhibit 7, the May 5, 2023 Deposition Transcript of Joseph Belanger.  *See* ECF No. 141, App. A at 7.  Both requests are **DENIED**.  Here, Deutsche Bank proposes redacting information pertaining to the experience and qualifications of experts, which clearly does not qualify as "confidential business strategy information."  *See AngioDynamics, Inc.*, 2021 WL 776701, at *9 (denying sealing request that included, *inter alia*, information pertaining to experts' qualifications and backgrounds).  Deutsche Bank has also not explained why, given that her expert report is already available on the public docket, Ms. Yip's deposition transcript should be filed under seal.  *See* ECF No. 104, Ex. A.  And to the extent Ms. Yip's deposition addresses content from the reports of other experts, the Court has already held that those reports should not be filed under seal.

And again, much of this information appears to be publicly available already, as multiple experts testified about how Deutsche Bank's conduct compared to industry standards during the multi-day trial in *Pearson*.  *See* ECF No. 163 at 1.  To the degree the information contained in these deposition transcripts overlaps with that public testimony, it should not be sealed here.  And to the degree the information contained in the deposition transcripts does *not* overlap with the public expert testimony in *Pearson*, Deutsche Bank still bears the burden of demonstrating that its sealing requests are narrowly tailored to the higher interests it seeks to invoke.  *See Sigma Lithium Corp.*, 2025 WL 966790, at *2.  The Court concludes it has not done so.

### C.      Exhibits Related to the Joint Liquidators' Motion Summary Judgment

Deutsche Bank's third sealing request pertains to exhibits accompanying the Declaration of Jeffrey E. Gross in Support of Plaintiffs' Motion for Summary Judgment.  *See* ECF No. 148; ECF No. 141, App. A at 7-8.  Deutsche Bank asserts that each exhibit must be filed fully under

seal because it contains confidential business strategy information.  ECF No. 141, App. A at 7-8.

However, for the reasons discussed herein, Deutsche Bank's request to seal Exhibits 4, 13, 15, 17,

20, 21, 24, and 25[10] is **DENIED**.

       1.     The "Confidential Business Strategy Information" Justification

          a.     *Exhibits 4, 13, 15, and 25*

Exhibits 4, 15, and 25 consist of excerpts of the same deposition transcripts of Paul Bishop,

Scott Habura, and Floris Vreedenburgh that Deutsche Bank sought to seal in connection with its

Motion for Summary Judgment.  *See* ECF No. 141, App. A at 5-6.  For substantially the same

reasons that the Court denied Deutsche Bank's earlier request to seal these deposition transcripts,

it also denies Deutsche Bank's request to seal them here in connection with the Joint Liquidators'

Motion for Summary Judgment.  These same reasons also apply to Exhibit 13, which consists of

excerpts of the deposition of Patrick Hannon who also testified at the *Pearson* trial.  *See* ECF No.

141, App. A at 7; ECF No. 163 at 1.  Accordingly, Deutsche Bank's request to seal Exhibits 4, 13,

15, and 25 is **DENIED**.

          b.     *Exhibit 21*

Deutsche Bank's request to seal Exhibit 21, an Excel spreadsheet detailing various

Madison wire transfers, is not narrowly tailored.  *See* ECF No. 141, App. A at 7.  The Joint

Liquidators note that "there is already information in the public domain about who received

transfers from Madison" and that a forensic accountant in the *Pearson* action "listed and classified

thousands of transfers in her publicly filed expert report."  ECF No. 163 at 2.  Given the strong

presumption of public access here, Deutsche Bank has not, with its cursory justification, met the

burden necessary to justify this sealing request.  *Id.*  Furthermore, to the extent the spreadsheet

---

[10] ECF Nos. 148-4, 148-13, 148-15, 148-17, 148-20, 148-21, 148-24, and 148-25.

contains the sensitive information of non-parties that has *not* already been made public in *Pearson*, that information can be redacted without filing the entire document under seal. Thus, Deutsche Bank's sealing request as to Exhibit 21 is **DENIED**. But Deutsche Bank may renew its request based on narrowly tailored proposed redactions to non-party information that has not been disclosed previously.

> c. *Exhibits 17, 20, 24*

The Court is also not persuaded to grant the pending request to seal Exhibits 17, 20, and 24, as Deutsche Bank makes no attempt to explain how any of this information is proprietary or could possibly cause it competitive harm if disclosed. For instance, the email in Exhibit 20 contains multiple attachments that pertain to Madison's incorporation as an LLC, not to Deutsche Bank's confidential business information. *See* ECF No. 148, Ex. 20; ECF No. 141, App. A at 8. And its request to seal Exhibits 17 and 24 is similarly lacking in justification, as it appears that some of the information contained therein was made publicly available in *Pearson* and, therefore, should not be sealed here. *See* ECF No. 148, Exs. 17, 24; ECF No. 141, App. A at 8. Beyond its bare assertions of competitive harm, Deutsche Bank offers no information or explanation that would permit this Court to make the findings necessary to justify sealing here. *See Blum v. Schlegel*, 150 F.R.D. 38, 41 (W.D.N.Y. 1993) ("The party seeking protection from disclosure has the burden of making a particular and specific demonstration of fact, as distinguished from general, conclusory statements, revealing some injustice, prejudice, or consequential harm that will result if protection is denied."). Deutsche Bank's request to seal Exhibits 17, 20, and 24 is therefore **DENIED**.

## II. Deutsche Bank's Motion to Redact and Seal Exhibits Related to the Joint Liquidators' Opposition to its *Daubert* Motion (ECF No. 172), and the Joint Liquidators' Corresponding Motions for Temporary Sealing (ECF Nos. 164 and 171)

On July 15, 2024, the Joint Liquidators filed a Memorandum in Opposition to Deutsche Bank's *Daubert* Motion.  *See* ECF No. 165.  Deutsche Bank requests that certain exhibits filed in connection with the Joint Liquidators' Opposition be filed under seal because they contain "Deutsche Bank's proprietary, confidential, and commercially sensitive information," including "information related to the inner-workings of Deutsche Bank's custody business, including business strategy, the processing of transactions, maintenance and structure of customer accounts, risk tolerance and management, and policies for preventing, detecting, and addressing potential customer misconduct."  ECF No. 172 at 2.  Specifically, these are Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 11, and 17 to the Declaration filed at ECF No. 170.[11]  The Joint Liquidators previously filed corresponding motions for temporary sealing of these documents at ECF Nos. 164 and 171.[12]

For the reasons that follow, Deutsche Bank's request to seal (ECF No. 172) is **DENIED**.  The Joint Liquidators' motions for temporary sealing of these documents (ECF Nos. 164 and 171), however, are **GRANTED**.  As explained below, these documents shall remain under temporary seal for a period of time in the event of a renewed request by Deutsche Bank for permanent sealing as to these documents.

---

[11] ECF Nos. 170-1, 170-2, 170-3, 170-4, 170-5, 170-6, 170-7, 170-8, 170-11, and 170-17.

[12] In ECF No. 164, the Joint Liquidators seek the Court's permission, pursuant to a request from Deutsche Bank, to *temporarily* file certain documents under seal and redact any quotations from those documents in the Joint Liquidators' motion papers.  These are the same documents that are the subject of Deutsche Bank's sealing request in ECF No. 172.  In ECF No. 171, the Joint Liquidators indicate that they inadvertently filed one of these exhibits on the public docket (at ECF No. 167-6) and therefore ask that this Court seal ECF No. 167 in its entirety pending the Court's decision on their temporary sealing request in ECF No. 164.  The documents filed at ECF No. 167 were then re-filed at ECF No. 170.

### A.    Deposition Excerpts

Deutsche Bank's request to seal Exhibits 1, 2, 3, 8, 11, and 17 is **DENIED**.  Again, Deutsche Bank provides no additional justification for sealing excerpts of the deposition transcripts of Floris Vreedenburgh, Don Linford, Patrick Hannon, Maria Yip, and Joseph Belanger, i.e., Exhibits 1, 2, 3, 8, and 17, beyond the conclusory statement that they contain proprietary, confidential, and commercially sensitive information.  ECF No. 172 at 1-2; *see also* ECF No. 164 at 2.  This is insufficient to satisfy the more particularized requirements of the applicable sealing test.  *See Nervora Fashion, Inc. v. Advance Mag. Publishers Inc.*, No. 24 Civ. 4805, 2025 WL 406669, at *3 (S.D.N.Y. Feb. 5, 2025) (finding that the "Respondent has not provided sufficient particularized information to justify its proposed redactions" because it only "offered conclusory statements that lack[ed] specific examples in support of its position").  Thus, the request to seal these deposition transcripts is denied for substantially the same reasons as the Court denied Deutsche Bank's request to seal them in connection with the parties' cross motions for summary judgment.  *See* ECF No. 141, App. A.

Deutsche Bank also fails to "provide the kind of specific, particularized information necessary to justify" its request to seal Exhibit 11, which contains excerpts from the deposition transcript of Frank Chatburn, who pled guilty to money laundering in connect with the instant Ponzi scheme.  *In re Keurig*, 2023 WL 196134, at *13; *see* ECF No. 172 at 2; *see also* ECF No. 178-115 (providing, as an exhibit, a factual proffer in support of Frank Chatburn's guilty plea).  In particular, Deutsche Bank draws no connection between Chatburn's testimony about his participation in the Ponzi scheme and its confidential business strategy information.  Without more, the Court cannot conclude that sealing Exhibit 11 is justified here.

### B.    Expert Reports

Deutsche Bank next seeks to seal Exhibits 5 and 6, consisting of the Expert Report and Supplemental Expert Report of Sepideh Rowland.  ECF No. 172 at 2.  Deutsche Bank seeks to seal both expert reports in their entirety, but "parties may not file their expert reports wholly under seal," particularly when those reports contain information pertaining to "the experts' qualifications and backgrounds."  *AngioDynamics, Inc.*, 2021 WL 776701, at *9.  Accordingly, Deutsche Bank's overbroad request to seal Exhibits 5 and 6 is **DENIED**.

### C.    Other Documents

Deutsche Bank additionally asks to maintain under seal Exhibit 4, a Deutsche Bank document titled "Know Your Customer Policy," and Exhibit 7, an excerpt of an Excel spreadsheet.  ECF No. 172 at 2; *see also* ECF No. 170, Exs. 4, 7.  But "Deutsche Bank's policies and internal controls and how they were or were not applied to the Madison account were already aired publicly in *Pearson*," ECF No. 163 at 2, and the "court lacks power to seal information that . . . has been publicly revealed," *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d at 300.  Exhibit 4, the "Know Your Customer Policy," is arguably related to the inner workings of Deutsche Bank's custody business, but to the extent any of that information has been made public already, it should not be sealed here.  Deutsche Bank's request to seal the exhibit in its entirety is accordingly **DENIED**.

The Excel spreadsheet in Exhibit 7 contains information pertaining to law enforcement investigations of various Deutsche Bank clients related to Madison and its affiliates, yet Deutsche Bank seeks to seal this exhibit on the grounds that it contains confidential business information. *See* ECF No. 172 at 2.  Ultimately, without providing further explanation as to why public disclosure of this spreadsheet would cause it competitive harm, Deutsche Bank has not met its burden of proving that sealing is justified here.  And, again, to the extent any of this information

is already publicly available, Deutsche Bank should not pursue further efforts to seal it here. The request to seal Exhibit 7 is accordingly **DENIED**.

### III. Deutsche Bank's Motion to Redact and Seal Documents and Exhibits Related to its Rule 56.1 Statement and *Daubert* Reply (ECF No. 174)

Deutsche Bank submits an additional request to redact and seal certain portions of the materials submitted in connection with (1) its Opposition to Plaintiffs' Motion for Partial Summary Judgment and Reply in Further Support of its Motion for Summary Judgment, and (2) its Reply in Further Support of its *Daubert* Motion (the "*Daubert* Reply"). ECF No. 174 at 1.

First, in connection with its Response to the Joint Liquidators' Rule 56.1 Statement, Deutsche Bank seeks to redact testimony from the deposition of Floris Vreedenburgh located in Exhibit 4 to the Declaration of Jeffrey E. Gross in Support of Plaintiffs' Motion for Summary Judgment. ECF No. 174 at 1-2; *see* ECF No. 148, Ex. 4. In connection with its Response to the Joint Liquidators' 56.1 Statement, Deutsche Bank also seeks to maintain under seal Exhibits 1, 2, and 3, consisting of excerpts from the deposition transcripts of Don Linford, Patrick Hannon, and Floris Vreedenburgh. ECF No. 174 at 2; *see* ECF No. 190. And last, in connection with its *Daubert* Reply, Deutsche Bank seeks to redact information drawn from the Expert Reply Report of David Alfaro located in Exhibit 4 to the Declaration of Sheila C. Ramesh in Support of Deutsche Bank's *Daubert* Motion. ECF No. 174 at 2; *see* ECF No. 159, Ex. 4.

Deutsche Bank's request to redact and/or seal these materials and exhibits[13] is **DENIED**. Above, the Court held that Deutsche Bank failed to meet its burden with respect to these deposition transcripts and this particular expert report with its broad and unsubstantiated allegations of competitive harm; the Court reaches the same conclusion again here. *See Coventry Cap US LLC*, 2017 WL 5125544 at *3 (finding "broad allegations of harm unsubstantiated by specific examples

---

[13] ECF Nos. 148-4, 159-5, 190-1, 190-2, and 190-3.

or articulated reasoning fail to satisfy the [sealing] test").  Deutsche Bank's request to redact and seal these deposition transcripts and this expert report is **DENIED**.

## IV.    Deutsche Bank's Motion to Redact and Seal Documents and Exhibits Related to the Joint Liquidators' Summary Judgment Reply (ECF No. 192), and the Joint Liquidators' Corresponding Motion for Temporary Sealing (ECF No. 175)

Deutsche Bank requests that numerous documents filed by the Joint Liquidators—124 in total—be maintained under seal, and that any quotations from those documents in connection with Plaintiffs' Memorandum of Law in Support of Their Motion for Summary Judgment (the Joint Liquidators' "Summary Judgment Reply") be redacted.  *See* ECF No. 192.  Specifically, Deutsche Bank has requested the sealing of exhibits filed alongside the Declaration of Jeffrey E. Gross in Support of the Joint Liquidators' Opposition to Deutsche Bank's Motion for Summary Judgment.  *See* ECF No. 178.  The Joint Liquidators filed a corresponding motion for temporary sealing and/or redaction of the same documents.  *See* ECF No. 175.

Deutsche Bank provides two primary justifications for is expansive request.  First, it claims that "all of the exhibits or redactions concern [its] proprietary, confidential, and commercially sensitive information," including its "cooperation with law enforcement investigations and the inner workings of Deutsche Bank's custody business, including business strategy, the processing of transactions, and maintenance and structure of customer accounts, which is competitively sensitive information."  ECF No. 192 at 2.  Second, Deutsche Bank claims that several of the exhibits contain the private or commercially sensitive information of non-parties.  *Id.* at 3.  For the reasons that follow, Deutsche Bank's request to seal these exhibits (ECF No. 192) is **DENIED**.  The Joint Liquidators' motion for temporary sealing of these documents (ECF No. 175), however, is **GRANTED**.  As explained below, these documents shall remain under temporary seal for a period of time in the event of a renewed request by Deutsche Bank for permanent sealing as to these documents.

**A.    The "Proprietary, Confidential, and Commercially Sensitive Information" Justification**

1.    Exhibits 78, 79, 80, 132, and 140

Deutsche Bank asserts that five of the 124 exhibits—Exhibits 78, 79, 80, 132, and 140[14]—"contain information about investigations of potential client misconduct and the process surrounding those investigations."  *Id.* at 3.  Deutsche Bank identifies Exhibits 80 and 132 as Suspicious Activity Information Forms ("SAIFs"), "which are forms [it] uses to evaluate whether to file a Suspicious Activity Report ("SAR") with regulators," and Exhibits 78, 79, and 140 as "discuss[ing] the filing of SAIFs."  *Id.* at 3.  "These documents should be regarded as especially sensitive," Deutsch Bank argues, because it "relies on the confidential nature of the SAIF filing process in order to effectively investigate wrongdoing and encourage candor with its regulators." *Id.*  Deutsche Bank adds that these exhibits should remain under seal because "their content would put potential wrongdoers and competitors alike on notice of Deutsche Bank's commercially sensitive internal methods for monitoring suspicious activity."  *Id.*

Upon review, Deutsche Bank's request with respect to Exhibits 78, 79, 80, 132, and 140 could be more narrowly tailored.  Exhibits 80 and 132 both describe aspects of Madison's suspicious banking activity but Exhibit 80 reveals nothing about Deutsche Bank's internal investigatory process.  Exhibit 132 includes some discussion of Deutsche Bank's response to Madison's suspicious banking activity, which could be deemed commercially sensitive.  However, Exhibit 132 also discusses Deutsche Bank's custody account services generally, which is obviously not commercially sensitive.  Exhibits 78, 79, and 140, consisting of three short email chains, likewise reveal little, if anything, about Deutsche Bank's internal investigatory process.  Indeed, Exhibits 79 and 140, *inter alia*, merely discuss whether a SAIF was filed for Madison

---

[14] ECF Nos. 178-78, 178-79, 178-80, 178-132, and 178-140.

(which is already public knowledge), not the internal process for deciding to do so. Ultimately, because the Court concludes it is overbroad, Deutsche Bank's request to seal these exhibits is **DENIED**.

### 2.    The Remaining 114 Exhibits

With respect to its request to seal the remaining 114 exhibits in their entirety (excluding the five exhibits discussed below), Deutsche Bank fails to explain why the information contained therein "is sensitive or how harm will result." *Optionality Consulting PTE. LTD.*, 2024 WL 1464660, at *2. "Despite requesting the sealing of dozens of documents," Deutsche Bank does not offer explanations for their proposed sealing on a "document-by-document basis." *Id.* "Therefore, the Court has no basis to make the specific, on the record findings that sealing is necessary or narrowly tailored to serve an interest in higher values." *Id.* (citing *Lugosch*, 435 F.3d at 120). Deutsche Bank's sweeping and inadequately justified request with respect to these exhibits, *see* ECF No. 192 at 4-10, is accordingly **DENIED**.

### B.    The "Private or Commercially Sensitive Information of Non-Parties" Justification

While Exhibits 36, 43, 44, 64, and 87[15] contain "names, account information, transaction details, and other private or commercially sensitive data of Deutsche Bank's non-party clients and other third parties," Deutsche Bank provides no justification for sealing this information beyond asserting that "redacting [the] names of non-party entities protects privacy and business interests that outweigh the presumption of public access and justify sealing." ECF No. 192 at 3. This vague reasoning is insufficient to justify sealing. *See In re Google Digital Advert. Antitrust Litig.*, No. 21 Civ. 6841, 2021 WL 4848758, at *3 (S.D.N.Y. Oct. 15, 2021) (declining sealing request because the "harms . . . are vaguely described[,] . . . conclusory . . . [and] do not identify privacy

---

[15] ECF Nos. 178-36, 178-43, 178-44, 178-64, and 178-87.

interests or concrete harms that outweigh the presumption of public access.").  Not to mention, information about who received transfers from Madison was already made public in the *Pearson* matter, *see* ECF No. 163 at 2, and the public's interest in understanding these wire transfers is strong given the nature of the allegations against Deutsche Bank.  Moreover, any non-party information contained in these documents that has *not* already been made public can be redacted without filing the documents entirely under seal.  The same goes for account information, which can be redacted without the Court's permission.  *See* Individual Rule 6(b).  The Court therefore concludes that Deutsche Bank has failed to overcome the presumption of public access and its request to seal Exhibits 36, 43, 44, 64, and 87 is **DENIED**.  But Deutsche Bank may renew its request based on more narrowly tailored redactions concerning non-party information.

## V.    Deutsche Bank's Motion to Redact and Seal Documents and Exhibits Related to its Reply Memorandum of Law in Further Support of its Motion for Summary Judgment (ECF No. 196)

Finally, Deutsche Bank seeks to redact or seal portions of certain materials filed in connection with its Reply Memorandum of Law in Further Support of its Motion for Summary Judgment (Deutsche Bank's "Reply Brief").  *See* ECF No. 196; ECF No. 193.  These materials purportedly contain Deutsche Bank's "proprietary, confidential, and commercially sensitive information," including the "inner-workings of Deutsche Bank's custody business, the processing of transactions, and customer account activity."  ECF No. 196 at 1-2.

Deutsche Bank first requests to make several in-line redactions which contain the "contents of a confidential, Bates-stamped document produced in this litigation," i.e., "Exhibit 33" to the "August 15, 2024 Declaration of Jefferey E. Gross in Further Support of Plaintiffs' Motion for Summary Judgment."  *Id.* at 1.  Because Deutsche Bank provides no explanation as to why the

information in this exhibit is commercially sensitive or will result in competitive harm if disclosed, its request as to Exhibit 33 [16] is **DENIED**.

Additionally, Deutsche Bank seeks to both redact and seal portions of Exhibits 1 and 2, which consist of excerpts of the deposition transcripts of Don Linford and Paul Bishop. ECF No. 196 at 2; *see* ECF No. 195. For substantially the same reasons that the Court denied Deutsche Banks's earlier requests as to these deposition transcripts, it also denies Deutsche Banks's request to redact and seal them here in connection with Deutsche Bank's Reply Brief. Accordingly, the request to redact and seal Exhibits 1 and 2 [17] is **DENIED**.

## CONCLUSION

The Clerk of Court is respectfully directed to maintain ECF Nos. 151-3 and 151-33 under seal.

The remaining documents that are the subject of these motions shall remain temporarily under seal for thirty (30) days. During that period, Deutsche Bank may file a renewed motion proposing specific, narrowly tailored redactions to these documents that (1) offer explanations for the proposed redactions and/or sealing on a document-by-document basis, [18] (2) are supported by citation to authority granting the redaction of similar information, and (3) have not previously been made public in the related *Pearson* matter. Any such motion shall identify the documents that are the subject of a renewed redaction and/or sealing request by ECF Number; it shall also identify any documents that Deutsche Bank no longer seeks to have sealed or redacted by ECF Number.

---

[16] *See* ECF No. 178-33.

[17] *See* ECF Nos. 195-1 and 195-2.

[18] *See In re Keurig*, 2023 WL 196134, at *7 ("Accordingly, these papers may only be sealed or redacted if movants can offer information that would support 'specific, on the record findings' 'demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'") (citing *Lugosch*, 435 F.3d at 120).

Deutsche Bank may provide proposed redacted versions of any documents that are the subject of such a motion via a file transfer link or encrypted email to chambers, with proposed redactions highlighted in each document.  Deutsche Bank must meet-and-confer with the Joint Liquidators prior to filing any such motion and shall state the parties' positions with respect to any such motion.

If any such motion is filed, the Court will maintain any documents subject to such motion under temporary seal pending resolution of the motion.  If no such motion is filed with respect to some or all documents within thirty (30) days, the Court will direct that any documents and materials for which no motion is filed shall be unsealed.

The Clerk of Court is respectfully directed to terminate ECF Nos. 141, 164, 171, 172, 174, 175, and 196.

SO ORDERED.

Dated: September 30, 2025

New York, New York

_____
DALE E. HO
United States District Judge