UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN NICHOLAS JOHN TROTT, et al.
Plaintiffs,

v.

DEUTSCHE BANK, AG,
Defendant.

20 Civ. 10299 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court are two sealing motions: a renewed motion to seal filed by Defendant Deutsche Bank AG, ECF No. 210, and a motion by Plaintiffs Martin Nicholas John Trott and Christopher James Smith ("Plaintiffs" or the "Joint Liquidators"), ECF No. 212. The Court assumes familiarity with the general facts of this case as set forth in a previous opinion denying Deutsche Bank's motion to dismiss. *See Trott v. Deutsche Bank AG*, No. 20 Civ. 10299, 2022 WL 951109, at *1-4 (S.D.N.Y. Mar. 30, 2022) (Vyskocil, J.).[1] For the reasons stated below, Deutsche Bank's request is **GRANTED IN PART and DENIED IN PART**; Plaintiffs' request is **GRANTED.**

## LEGAL STANDARD

The Court applies a three-part inquiry to determine whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).[2] First, a court determines whether a document is a "judicial document," subject to a presumptive public right of access. *See id.* at 87. A judicial document is "a filed item that is relevant to the performance of the judicial function and

[1] On October 13, 2023, this suit was reassigned to the undersigned.

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

Second, a court determines the weight of the presumption that attaches to the document, looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Olson*, 29 F.4th at 87-88. "The presumption of public access exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties." *Id.* at 89. However, documents do not "receive different weights of presumption based on the extent to which they [are] relied upon in resolving the motion." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006).

"Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson*, 29 F.4th at 88. "[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Competing considerations may include the protection of "sensitive business information," the release of which could cause a litigant "competitive harm." *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022). "A further countervailing consideration is the privacy interests of innocent third parties which should weigh heavily in a court's balancing equation." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Misc. 2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, 2023 WL 3966703 (S.D.N.Y. June 13, 2023) (citing *Application of Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990)). The court may deny public disclosure of the record only "if the

factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

## DISCUSSION

### I. Deutsche Bank's Renewed Motion to Seal

The documents that are the subject of Deutsche Bank's sealing request were the subject of previous sealing requests filed at ECF Nos. 141, 164, and 175, which the Court addressed in an Opinion and Order, familiarity with which is presumed. *See* ECF No. 205 (the "First Sealing Order"). As stated in its letter motion, Deutsche Bank has now abandoned its request to seal many of the documents for which the Court denied sealing. *See* Def.'s Mot. to Seal ("Def.'s Mot.") at 3, ECF No. 210 (abandoning sealing request as to "ECF 147, 152, 153, 155-4, 155-6, 155-8, 155-9, 155-11, 155-12, 155-31, 155-37, 158, 168, 169-1, 169-2, 169-3, 169-5, 169-6, 169-8, 169-9, 169-10, 180, 181, 183, 189, 197, 197-1, 192-2, all exhibits to ECF 147, 154, 160, 191, and all exhibits to 186 except those [that are the subject of the present motion].").

Deutsche Bank, however, continues to seek sealing and/or redaction with respect to three categories of documents: (1) "documents evidencing government cooperation"; (2) documents that contain "the names of third-party Deutsche Bank clients and risk analyses relating to those clients," and (3) documents that contain "sensitive business information." *Id.* at 1 n.1, 1-2. The Court addresses these requests in turn.

#### A. Documents Evidencing Government Cooperation

In its initial letter-motion, Deutsche Bank states that it "intends . . . to seal documents evidencing government cooperation in various exhibits," which it says "do[es] not require the prior written approval of the Court." *Id.* at 1 n.1. It identifies the following documents for sealing on this basis: ECF Nos. 155-36, 169-7, 186-55, 186-57, 186-99, 186-100, and 186-120. The Court previously determined that these are public documents to which a presumption of public access

attaches, and it denied Deutsche Bank's previous request to seal these documents as conclusory. *See* First Sealing Order at 6 (denying sealing with respect to ECF No. 155-36, referred to as "Exhibit 35" in the Sealing Order), 16-17 (denying sealing with respect to ECF No. 169-7, referred to as "Exhibit 7" in the Sealing Order), 19-20 (denying sealing with respect to documents at ECF No. 186, referred to by publicly docketed versions at ECF No. 178 in the Sealing Order).

Plaintiffs object to wholesale sealing of the documents in question, but indicate that they do "not object" to "targeted redactions" to protect "the privacy interests of third parties." Pls.' Mem. Opp'n Def.'s Mot. to Seal ("Pls.' Opp'n") at 14, ECF No. 213. In Deutsche Bank's Reply, however, it appears to clarify that rather than full sealing, it seeks only to "redact[] information related to its cooperation with government investigation." Def.'s. Reply in Supp. of Mot. to Seal ("Def.'s. Reply") at 3, ECF No. 218.

This Court previously authorized limited redactions to one document on the same basis advanced here, permitting Deutsche Bank to redact the names of non-party clients listed in a document related to a subpoena received by Deutsche Bank regarding certain wire transfers. *See* First Sealing Order at 9. Thus, to the extent that Deutsche Bank seeks analogous limited redactions here (e.g., names, account numbers, addresses, and other personally identifying information), the request is **GRANTED**. Deutsche Bank may file the relevant documents with these limited redactions.

However, wholesale sealing or additional redactions beyond those necessary to protect third-party information are not permitted. That is, to the extent that Deutsche Bank requests that these documents be sealed altogether or seeks redactions broader than those authorized above, it has not demonstrated the propriety of either when weighed against the presumption of public access. In a single sentence in a footnote, Deutsche Bank references the fact that these documents reflect "government cooperation," but does not attempt to explain why full sealing or broader

redactions would be necessary to serve the law enforcement interest of encouraging future cooperation. Def.'s Mot. at 1 n.1; *cf. United States v. Pasqua*, No. 16 Crim. 591, 2020 WL 7338082, at *9 (S.D.N.Y. Dec. 12, 2020) (authorizing "a narrow redaction that would help ensure that the full extent of Defendant's cooperation is not revealed and serves the law enforcement interest of encouraging future cooperation"). Accordingly, any request for full sealing of these documents or broader redactions than those authorized above is **DENIED**.

### B. Documents Containing the Names of Third Parties and Risk Analyses

Deutsche Bank also seeks to redact "the names of third-party Deutsche Bank clients and risk analyses relating to those clients the names" from the following documents: ECF Nos. 155-36 at 9-10; 186-19 at 8-15; 186-55 at 2-4; 186-57 at 7; 186-67 at 4-7; 186-115 at 3; 186-120 at 2; 186-121 at 2; and 186-127 at 2. Def.'s Mot. at 1.

The Court has already addressed several of these documents above and authorized limitation redactions for the purpose of protecting third-party privacy interests,[3] which "weigh heavily in a court's balancing equation." *Application of Newsday, Inc.*, 895 F.2d at 79-80. As for the remainder of the documents, Plaintiffs do not contest the redaction of certain sensitive information, *see* Pls.' Opp'n at 4, or the names of specific customers "cited in connection with potentially negative information that is irrelevant to the underlying case," *id.* at 6, but object to the redaction of third-party Deutsche Bank customers who have already been publicly linked to Deutsche Bank but are "not implicated in relevant wrongdoing," *id.* at 3; *see also id.* at 3-8. However, the case cited by Plaintiffs, *United States v. Cohen*, 366 F. Supp. 3d 612 (S.D.N.Y. 2019), authorized "redacting the names and descriptions of" "peripheral characters" for whom the

[3] ECF Nos. 155-36, 186-55, and 186-57.

documents in question "raise little discernable inference of criminal conduct." *Id.* at 625. Similarly, here, third parties that have not been implicated in the fraud underlying this litigation might suffer stigma from having their identities revealed in the documents relevant to this case. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.").

Ultimately, the Court concludes that limited redactions of certain information, including the names of clients, promotes a higher interest of third-party privacy that is sufficient to overcome the presumption of public access. *See Al Thani v. Hanke*, No. 20 Civ. 4765, 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (authorizing redactions of portions of an escrow account ledger that revealed the names of non-parties). And while Plaintiffs contend that the names of certain Deutsche Bank clients have already been made public, the records at issue contain more than just those third-party clients' names—they contain details about their relationship with Deutsche Bank, such that redacting their names in the context of these documents still serves an interest in the protection of third-party privacy.

Accordingly, the Court authorizes limited redactions of these documents with respect to names, account numbers, addresses, and other personally identifying information. To the extent Deutsche Bank seeks redaction of such information, the request is **GRANTED**. To the extent Deutsche Bank requests sealing of entire pages of documents, or redactions broader than those authorized in this Order, the request is **DENIED**.

### C. Documents Reflecting Confidential Business Information

Finally, Deutsche Bank seeks to seal in whole or in part certain "documents containing sensitive business information": ECF Nos. 169-4, 186-10, 186-20, 186-21, 186-28, and 186-104 at 5-17. Def.'s Mot. at 2. Each of these documents, however, is more than a decade old, and it is therefore difficult to understand how Deutsche Bank could suffer competitive harm from the public

filing of these outdated materials. *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 250 (S.D.N.Y. 2009) (denying sealing where movant had not "explained why the seven-year-old information concerning its marketing strategy has any continued value to the firm today or why the information might otherwise cause [it] harm if it was disclosed."). Deutsche Bank objects that this point is "conclusory," Def.'s Reply at 3, but that description is more aptly descriptive of Deutsche Bank's unsubstantiated assertion that disclosing such dated information would cause it competitive harm, which fails to satisfy the requirement that a request for sealing be justified on a "document-by-document basis." *Optionality Consulting PTE. LTD. v. Edge Tech. Grp. LLC*, No. 18 Civ. 5393, 2024 WL 1464660, at *2 (S.D.N.Y. Apr. 4, 2024). Even if some protections from disclosure were appropriate here, Deutsche Bank has failed to demonstrate that wholesale sealing of these documents in their entirety (or of entire pages of them) would be appropriate rather than more narrowly tailored redactions, leaving the Court with "no basis to make the specific, on the record findings that sealing is necessary or narrowly tailored to serve an interest in higher values." *Id.* Accordingly, the request to seal these documents is **DENIED**.

## II. Plaintiffs' Motion to Seal

Plaintiffs file a motion to redact certain portions of their opposition to Defendant's Sealing Motion. *See* Pls.' Mot. to Seal, ECF No. 212 (seeking sealing of ECF No. 214, redacted version on public docket at ECF No. 213). Plaintiffs make their motion at Defendant's request, in order to redact the names and personally identifying information of various third-party Deutsche Bank clients. For the reasons stated above regarding third-party privacy interests, the motion is **GRANTED**. The Court finds that the proposed redactions, which are limited to information such as names, are sufficiently narrowly tailored to balance the interest in third-party privacy with the presumption of public access.

## CONCLUSION

Because Plaintiffs' Motion to Seal is granted, the Clerk of Court is respectfully directed to continue to maintain ECF No. 214 under seal.

The Clerk of Court is respectfully directed to unseal the following documents, which Deutsche Bank no longer seeks to seal: ECF Nos.

- 152;
- 153;
- 154 and all exhibits attached to it (154-1 through 154-8);
- 155-4, 155-6, 155-8, 155-9, 155-11, 155-12, 155-31, and 155-37;
- 158;
- 160 and all exhibits attached to it (160-1 through 160-8);
- 168;
- 169-1, 169-2, 169-3, 169-5, 169-6, 169-8, 169-9, and 169-10;
- 180;
- 181;
- 183;
- 186, 186-1 through 186-9, 186-11 through 186-18, 186-22 through 186-27, 186-29 through 186-54, 186-56, 186-58 through 186-66, 186-68 through 186-98, 186-101 through 186-103, 186-105 through 186-114, 186-116 through 186-119, 186-22 through 186-26, 186-128 through 186-130;
- 189;
- 191 and all exhibits attached to it (191-1 through 191-3);
- 197, 197-1; and
- 192-2.

With respect to the documents for which the Court has authorized redactions—namely, ECF Nos. 155-36, 169-7, 186-19, 186-55, 186-57, 186-67, 186-99, 186-100, 186-115, 186-120, 186-121, 186-127—Deutsche Bank shall, within 30 days of the date of this Order, file these documents on the docket with limited redactions consistent with this Order. The documents should be filed as attachments to a letter listing each of these documents, along with the ECF number of

the corresponding sealed unredacted version of each document as currently filed on the docket. The Court shall maintain the unredacted versions of these documents under seal.

With respect to the documents for which the Court has denied sealing or redactions—namely, ECF Nos. 169-4, 186-10, 186-20, 186-21, 186-28, and 186-104—the Court will, 30 days from the date of this Order, direct that the Clerk of Court unseal any documents that are not the subject of an appeal.

If either party files an appeal with respect to some or all of the documents listed above, they shall file a status letter on the docket so indicating, and stating which documents are the subject of such appeal. If any appeal is filed, the Court will stay its Order with respect to the documents subject to such appeal, and will maintain those documents under temporary seal pending resolution of the appeal.

The Clerk of Court is respectfully directed to terminate ECF Nos. 210 and 212.

SO ORDERED.

Dated: September 29, 2026

New York, New York

DALE E. HO
United States District Judge